UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 01-4026-CIV-GOLD/SIMONTON

OLGA GUTESCU, and all others similarly
situated,

      Plaintiff,

vs.

CAREY INTERNATIONAL, INC., a Florida
corporation, CAREY LIMOUSINE
FLORIDA, INC., a Delaware corporation
qualified to do business in the State of
Florida, and CLUB LIMOUSINE SERVICE,
INC., a Florida corporation,

      Defendants.

_____/

## RESPONSE OF DEFENDANTS CAREY LIMOUSINE FLORIDA, INC. AND CLUB LIMOUSINE SERVICES, INC. TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
### (Relating to Responses to Third Request for Production of Documents)

Defendants Carey Limousine Florida, Inc, ("Carey South Florida") and Club Limousine Services, Inc. ("Club Limousine"), through their undersigned counsel, hereby respond to Plaintiff's separate April 23, 2002, Motions to Compel Discovery Pursuant to Plaintiff's Third Request for Production of Documents to Defendants. As set forth below, Plaintiff's Motion should be denied because: (1) no responsive documents otherwise exist with respect to some of the requests at issue; (2) responsive documents were already produced to Plaintiff as to other requests prior to the filing of the Motion; and (3) Defendants' objections to the discovery are otherwise valid.

### Background

This is an action alleging various statutory claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"), the Florida Civil Rights Act, Fla. Stat. §760.01, et seq. ("FCRA"), and the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("the FLSA"). Plaintiff formerly worked at the Miami office of Carey South Florida

MIA#2189981.01

**Carlton Fields, P.A.**

NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050



as a chauffeur pursuant to a contract with Club Limousine between October, 1999 and January, 2000 – a period of a little more than three (3) months. She alleges, *inter alia*, that she was an "employee" of Carey South Florida and Club Limousine, and was denied overtime compensation in violation of the FLSA. She also brings a FLSA collective action under 29 U.S.C. §216(b) on behalf of those who were "similarly situated" to her and who were also allegedly denied overtime. Finally, Plaintiff alleges that she was improperly denied the opportunity to become an "independent owner/operator," a different position than the one she had at Carey South Florida's Miami office, on the basis of her sex, and in retaliation for complaining about sex discrimination. (Complaint ¶¶ 17, 22).

Plaintiff sues not only Carey South Florida and Club Limousine, but also has brought suit against Carey International, Inc. ("Carey International"), the ultimate parent corporation of Carey South Florida and Club Limousine, alleging that all three Defendants were a "joint employer." All three Defendants deny the essential allegations in the Complaint, and specifically defend on the basis that Plaintiff was not an employee, but an independent contractor, and that therefore neither the FLSA, Title VII, nor the FCRA were applicable to her, since these statutes only apply to employees. (*Answer and Defenses*, ¶¶ 75, 101).

To date, Plaintiff's counsel has served of the Defendants three (3) separate Requests for Production of Documents to Carey International, five (5) to Carey South Florida, and four (4) to Club Limousine, totalling in excess of seventy (70) separate documents requests to each Defendant, with an additional eighteen (18) requests to Carey South Florida and fifteen (15) requests to Club Limousine.[1] Plaintiff's Third Requests for Production of Documents, the subject of the instant Motion, are attached hereto as Exhibit "A" and "B". Both Carey South Florida and Club Limousine served their responses and objections to these document requests on or about March 18, 2002. See Exhibits "C" and "D," attached.

In addition to the written responses, Defendants Carey South Florida and Club Limousine produced to Plaintiff approximately 670 pages of documents responsive to

---

[1] The Fourth Request for Production was propounded to Carey South Florida and Club Limousine, and the Fifth RFP was propounded to Carey South Florida alone.

Plaintiff's documents requests (not counting the fact that documents produced by Plaintiff in the litigation were also deemed responsive to the request served on those Defendants), and have represented that additional information would be forthcoming upon execution of an appropriate confidentiality agreement and protective order. A privilege log, attached hereto as Exhibit "E" has also been provided to counsel for Plaintiff.

Plaintiff's present motion takes issue with certain scope and relevancy objections made with respect to the following categories of documents:

1)     documents containing purported "statements" of potential witnesses in the litigation (Request Nos. 5-7);

2)     documents relating to other charges of gender discrimination leveled against Defendants (Request Nos. 8 and 11);

3)     personnel file or related information on certain non-party employees (Request Nos. 22, 27, and 30);

4)     workforce breakdown information outside of the job position held by Plaintiff (Request No. 25);

5)     documents "which in any way support" Defendants' affirmative defenses (Request No. 18);

6)     certain job description information (Request No. 26);

7)     certain employment practices information (Request Nos. 28).

Because Plaintiff served the same document requests on Carey South Florida and Club Limousine, and these entities served similar responses, Carey South Florida and Club Limousine submit this joint response to Plaintiff's Motions relating to the above-referenced responses.

## Facts Pertinent to the Motion

Carey International is a Delaware corporation, and is the ultimate parent and holding corporation to companies which provide chauffeured transportation across the country. (Affidavit of Gary Kessler, ¶ 2, attached as Exhibit "B" to the Response of Carey International to Contempt Motion Relating to Interrogatory Responses, hereinafter referred to as the "Kessler Affidavit"). Carey International owns several holding companies. One is Carey Services, Inc., a Delaware corporation. Carey

Services, Inc. in turn owns 100% of the stock of Defendant Carey South Florida (Kessler Affidavit ¶ 2). Carey South Florida licenses its name from Carey International, and therefore must meet certain standards of service delivery required of all Carey International licensees. (Id. at ¶ 5; See also Exhibit "J," Carey South Florida's Response to Plaintiff's Second Set of Interrogatories).

Defendant Carey South Florida acquired Defendant Club Limousine in January, 1999 (Kessler Affidavit ¶ 4; Affidavit of Robert Michael Sobol, ¶¶ 12 & 1, filed with Defendants' Response to Plaintiff's Motion to Permit Court Supervised Notice, hereinafter, "Sobol Affidavit"), and Club Limousine is now its subsidiary. At the times relevant to this lawsuit (October 1999-January 2000), Defendants Carey South Florida and Club Limousine were run as separate business entities. They even had two separate profit and loss statements, took separate reservations, dispatched separately, and otherwise functioned as separate business entities. (Kessler Affidavit ¶ 3).

Plaintiff, who only worked as a chauffeur at Carey South Florida's Miami office from October, 1999, to January, 2000, entered into a written independent contractor agreement with Defendant Club Limousine. (Sobol Affidavit, ¶¶ 10, 12 & 13). This agreement was signed by Plaintiff, and provided that Plaintiff would be an independent contractor chauffeur. Carey International was not a party to that agreement. (See id.; Kessler Affidavit, ¶ 8).

Plaintiff's position as an independent contractor chauffeur was only one of three chauffeur positions available in the Miami and West Palm Beach offices. Indeed, as set forth more fully in Defendants' Response to Plaintiff's Motion to Permit Court Supervised Notice to Employees of Their Opt-In Right, incorporated herein by reference, Defendants Carey South Florida and Club Limousine have three (3) separate categories of chauffeurs and limousine drivers – employee chauffeurs, house chauffeurs/independent contractors (Plaintiff's position), and independent operator chauffeurs (the position Plaintiff claims she was denied). (Id. at 9. See also Sobol Affidavit, ¶¶ 6, 8, 38). Chauffeurs in all of these positions are paid and treated in a substantially different manner among the offices in Miami and West Palm Beach. Moreover, the West Palm Beach office has no employee chauffeurs (Sobol Affidavit, ¶¶ 6, 38), and there are significant differences in the house chauffeur/independent

contractor chauffeur positions between these two offices. (Response to Motion to Permit Court Authorized Notice, pages 9-14; Affidavit of Robert Hamman, ¶¶ 4-5; 9-18, filed with Defendants' Response to Plaintiff's Motion to Permit Court Supervised Notice).

## Argument

### A.   Plaintiff's Claim of Entitlement to Witness "Statements" In Request Nos. 5, 6 and 7 Does Not Entitle Plaintiff to Files and Work Product of Defendants' Counsel

Plaintiff seeks in Request Nos. 5, 6 and 7 of her Third Request to Produce, "any and all documents" reflecting any written summaries, communications or witness "statements" generated in this litigation.  Notably, Plaintiff herself excluded from the scope of the requests privileged documents and documents protected by the attorney work product privilege. (See, e.g. Exhibit A and B, Request No. 6; Affidavit of Karin B, Morrell, Esquire, attached hereto as Exhibit "F," ¶ 7). Defendants therefore responded that:

> [N]otwithstanding the above objections and without waiving them, [Defendants state] that [*they*] *have no non-privileged documents* relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's [request for production] in its possession, custody or control.

(Exhibits C and D, Responses to Request Nos. 5, 6 and 7).[2]  The fact remains that there are no documents, written summaries, letters, memoranda, or hand-written or typed witness statements to produce to Plaintiff in this litigation. (Exhibit F,¶ 6).  Thus, Plaintiff's citation to cases for the proposition that courts generally permit discovery of formal witness statements (Motion to Compel, pp. 4-5) has no application to the facts of this case, as no such documents exist here.

In addition, pursuant to Fed.R.Civ.P. 26(b)(5) and Southern District Rule 26.1G(3)(ii)(A), the undersigned provided Plaintiff's counsel with a privilege log, which itemized relevant documents withheld on the basis of a privilege.  (Exhibit E).  Thus, Plaintiff's argument that Defendants have failed to comply with the local rules relating to the production of a privilege log (Motions To Compel, pp. 2-3) is wrong.  Notably,

---

[2]   All emphasis supplied unless otherwise noted.

Plaintiff's Motion does not take issue with any of the documents identified on this privilege log and withheld on the basis of a privilege. Rather, Plaintiff's Motion purports to make conclusory assertions that "privileges are disfavored in the law and waiver of them is to be accomplished liberally" (Motion to Compel, p. 3) in an effort to have this Court overrule privilege objections in the abstract. But the court can not issue an advisory opinion concerning abstract issues of privilege, with no document identified as at issue. Nor are issues of privilege to be summarily dismissed. See Upjohn Company v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 682 (1980) ("The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law").

In addition, Plaintiff's Motion appears to be confusing witness "statements" with the inviolate internal work product and privileged communications contained in the working files of the undersigned. Clearly such information does not need to be disclosed to Plaintiff, nor is the information subject to discovery, even if Plaintiff were to show some "substantial need" for the information, which Defendants dispute in any event.

As set forth in the Affidavit of Karin B. Morrell, Esquire (Exhibit F), the undersigned informed Plaintiff's counsel that no responsive documents to Request Nos. 5, 6 and 7 existed, and that the only information which could conceivably fall within the broadly worded document requests would be the undersigned's working files in this case, including the internal privileged communications between Defendants' management representatives and the undersigned after the inception of this lawsuit, and among Carlton Fields lawyers working on the file. (Exhibit F, ¶¶ 8-9; 11).Yet Plaintiff's very Requests exclude this type of information from the scope of documents sought by Plaintiff. If this is the only type of information which exists, and the information is excluded from the Requests themselves, then there is absolutely no basis for the present Motion, as these undersigned's files are not at issue.

Despite being informed of this information, Plaintiff filed the present Motion in any event. At best, Plaintiff's counsel is confusing fact work product from opinion work product, and at worst counsel is deliberately attempting to obfuscate the issues, in yet another effort to discredit Defendants through an unsubstantiated Motion. For example,

**Carlton Fields, P.A.**

NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

Plaintiff points the Court to a portion of Rule 26(b)(3), which permits the discovery of certain fact work product "only upon a showing" of substantial need, and an inability to otherwise obtain the information.  The citation to this Rule has absolutely no application to the present case, as counsel has been informed that no documents which fall within the confines of Rule 26(b)(3) exist.[3]

Even if this section were somehow applicable to the undersigned's files, Plaintiff's counsel conveniently omits citation to the remainder of the Rule, which states that:

> In ordering discovery of such material when the required showing had been made, the court shall protect against disclosure of mental impression, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

In other words, even if Plaintiff had somehow shown "substantial need" for the undersigned's files, which Defendants dispute in any event, Plaintiff has no right to discovery of this "opinion" work product.  See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947).  Indeed, in Hickman, the Supreme Court rejected the plaintiffs' argument that they were entitled to information concerning oral statements made by potential witnesses to the defendant's counsel:

> But as to oral statements made by witnesses to [defendant's counsel], whether presently in the form of his mental impressions or memoranda, we do not believe that *any showing of necessity can be made under the circumstances* of this case so as to justify production.  Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness.  No legitimate purpose is served by such production. The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks.  Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less

---

[3]  Indeed, the undersigned has not talked to chauffeur or limousine driver "witnesses" per se, because, although there is no local rule prohibiting contact with potential class members, the undersigned wants to avoid even the appearance of impropriety in contacting putative class members in this case until such time as the Court rules on Plaintiff's Motion to Permit Opt-In Class Notice.  (Exhibit G, ¶ 10).

**Carlton Fields, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

an officer of the court and much more an ordinary witness.
The standards of the profession would thereby suffer.

Id. at 393-394.  The Supreme Court reaffirmed this finding in Upjohn Company v. United States, 449 U.S. 383, 101 S.Ct. 677 (1981), where Court held that notes and memoranda based on oral statements of witnesses to company lawyers were privileged to the extent they revealed the actual communications with counsel, and work product to the extent they did not reveal the communications.  Thus, such opinion work product is not discoverable. 449 U.S. at 401; 101 S.Ct. at 688.  See also United Kingdom v. U.S., 238 F.3d 1312, 1315;; 1322-23 (11th Cir. 2001) (internal memoranda and written summaries revealing attorney thought processes protected from disclosure); Cox v. Administrator U. S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994) (same).

As set forth above, the only information which arguably exists relating to these requests are the notes, files and informal memoranda generated by outside counsel for Defendants to defend the instant litigation.   Under Upjohn and Hickman, any communications between counsel and client representatives are clearly privileged. Thus, Plaintiff is not entitled, regardless of what purported "showing" she makes, to open up the books and records of defense counsel in this case in order to determine what, if any, "statements" may or may not exist with potential witnesses who happen to be client representatives.   It is preposterous that Defendants even have to make this point to Plaintiff's counsel and the Court, and is yet another example of Plaintiff's unfounded motion practices relating to discovery issues.

Nor is the undersigned required to prepare a "privilege log" of everything they have done in the case since the inception of the litigation.  In the first instance, Plaintiff's requests as worded specifically exclude privileged and work product information from the scope of the requests themselves, and therefore the undersigned's files would not be considered responsive in any event.  Moreover, as noted in the Advisory Committee Notes to Rule 26, "[t]he obligation to provide pertinent information concerning withheld privileged materials *applies only to items otherwise discoverable*.'" Advisory Committee Notes, 1993 Amendments.  Because the undersigned's communications with their client representatives and the information contained in the files of the undersigned are not otherwise discoverable, the "privilege log" requirement does not mandate that every

single conversation between counsel and the client, any internally created document generated by defense counsel based on those conversations, or any draft or other lawyer created document, be itemized on a "privilege" list, as that would stand the privilege on its head, and reveal to Plaintiff everything defense counsel is doing in the case. Nothing in the rules requires this kind of disclosure.

For these reasons, because Plaintiff has already been repeatedly informed that no responsive documents exist, Plaintiff's Motion to Compel directed to Request Nos. 5, 6 and 7 should be denied.

### B. Plaintiff's Requests for Information In Items 8 and 11 Concerning Employees Outside of Her "Work Unit" Are Irrelevant and Overbroad

In Request Nos. 8 and 11, Plaintiff seeks the personnel files of, and charges of discrimination filed by, any employee alleging gender discrimination against Defendants over the last five years. As to each of these Requests, Defendants cited overbreadth and relevancy objections to the scope of Plaintiff's requests, as exceeding the appropriate and relevant work unit at issue in this action.   Notwithstanding those objections, Defendants further responded that:

> [Defendants state] that [they have] no documents in [their] possession, custody or control that are responsive to Plaintiff's [requests] which relate to gender discrimination and/or retaliation based upon complaints of gender discrimination by individuals in the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent contractor position.

(Exhibits C and D, Responses to Request Nos. 8, 11, and 30).

With respect to Request Nos. 8 and 11, Plaintiff's Motion appears to focus the Court on the alleged propriety of discovery into other "allegations" of discrimination in the first instance.  (Motions to Compel, pp. 7-9).  But Plaintiff misinterprets Defendants' objections.  Defendants' scope objections do not go to the underlying request for information about other charges of gender discrimination or retaliation in general, but to the scope of the request for this information.  Here, of course, Defendants have responded that there are no other allegations of gender discrimination and/or retaliation with respect to employees in the two positions at issue in this litigation.  Therefore, there

MIA#2189981.01

9

**Carlton Fields, P.A.**

NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO. 01-4026-CIV-GOLD/SIMONTON

are no documents to produce, and no documents to compel with respect to those positions.

Although not specifically articulated, it would appear that Plaintiff's "statistical information" argument (Motions to Compel, pp. 9-10) is really another way of asserting, as she has in other Motions in this case, that Plaintiff is entitled to unfettered discovery into Defendants' entire work force to support her claims in this action.  But as set forth in previous responses to other discovery Motions in this case, Plaintiff is not entitled to such unlimited discovery.

In the first instance, the Eleventh Circuit has long held that the relevant scope of discovery in employment litigation should be limited to an employee's work unit.  Earley v. Champion Int'l Corp, 907 F.2d 1077, 1084 (11th Cir. 1990).  Other courts have also limited the discovery of information about other employees in employment discrimination cases to the plaintiff's work unit or department.  See Scales v. J.C. Bradford & Co., 925 F.2d 901 (6th Cir. 1991) (plaintiff alleging gender discrimination and retaliation limited to discovery regarding her department where employment decisions were made locally); Gheesling v. Chater, 162 F.R.D. 649, 650 (D.Kan. 1995) ("[i]n employment cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information"); Syed v. Director, Federal Bureau of Investigation, 1991 U.S. Dist. LEXIS 1163 (E.D. Penn. 1991) (holding that plaintiff may only seek discovery regarding the facility for which he applied and not on a national scale); McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 60 (E.D. Penn. 1979) (discovery sought by plaintiff in race discrimination action was limited to the area in which plaintiff had worked).

The fact that this action also involves a claim under the Fair Labor Standards Act in addition to Title VII does not change the significance of these cases.  Indeed, courts have likewise limited discovery in FLSA cases to the appropriate "work unit."  See, e.g. Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 267 (D. Minn. 1991)(denying plaintiff's motion to compel discovery of nationwide information on putative class members until a factual showing had been made that plaintiff was entitled to the information); Brooks v. Bellsouth Telecommunications, Inc., 164 F.R.D. 561, 570-571

10

(N.D. Ala. 1995)(trial court refused to compel the defendant to produce names and addresses of ADEA putative class members because the court found that the plaintiff had failed to establish that he was "similarly situated" with other putative class members). Cf. Frank v. Capital Cities Communications Inc., 88 F.R.D. 674, 678 (S.D. N.Y. 1981)(plaintiff did not sustain burden of proving that parent holding company could be held liable for alleged ADEA class violations, and therefore notice would not issue to employees of parent corporation).  Based on the foregoing, courts are very reluctant to permit discovery relating to other employees outside the business organization where the plaintiff worked, see Earley, 907 F.2d at 1084; Gheesling, 162 F.R.D. at 650.

Plaintiff has already been provided with discovery relating to the two positions at issue in this litigation – the house chauffeur position in the Miami office (Plaintiff's "work unit") as well as the independent operator position in the West Palm Beach office (where Plaintiff never worked).   The fact that there are no documents responsive to these requests relating to these two positions does not mean that Plaintiff should be entitled to go on a fishing expedition for information about non-similarly situated employees in the workforce. See Marshall v. Westinghouse Electric Corp., 576 F.2d 588, 592 (5th Cir. 1978)(that plaintiff is entitled to discovery to attempt to prove pretext "does not, however, permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive").  Because the scope limitations asserted by Defendants are valid and there are otherwise no documents to produce to Plaintiff with respect to Request Nos. 8 and 11, Plaintiff's Motion to Compel directed to these Requests should be denied.

### C. Request No. 18 Is Overbroad; In Any Event, All Relevant Documents Have Been Produced

In Request No. 18, Plaintiff seeks "[a]ll documents which in any way support Defendants' affirmative defenses."  Plaintiff takes issue with Defendants' objections that the requests were overly broad and unduly burdensome.  Plaintiff, however, overlooks the fact that the Southern District Rules specifically provide at Appendix A, Section III. A (1) that:

> A request for documents, whether a request for production or subpoena duces tecum, should be clear, concise and reasonably particularized. *For example, a request 'for each*

*and every document supporting your claim" is objectively overbroad in most cases.*

In other words, Plaintiff's request for "all documents which in any way support your [claim]" is "objectively overbroad" under the Local Rules of this Court. Therefore, Defendants' objections to this discovery request should be sustained.[4]

In any event, Plaintiff's counsel was informed that, consistent with its obligations under Rule 26, Defendants had produced, or will produce upon execution of an appropriate confidentiality and protective order, all relevant documents that Defendants "may use to support [their] claim or defenses." (Exhibit F, ¶ 12). Thus, there is nothing for this Court to order produced with respect to Request No. 18, and Plaintiff's Motion as to Request No. 18 should therefore be denied.

### D. Plaintiff is Not Entitled to Confidential Personnel Information On Other Employees Requested in Items 22, 27 and 30 Absent a Confidentiality Agreement, and Showing of Relevance

In Request No. 22, Plaintiff seeks the personnel files of nine non-party employees of Defendants. In addition to confidentiality and privacy concerns, Defendants objected to the production of these documents because "Plaintiff has provided no explanation as to the relevance or significance of the listed individuals to the allegations of her Complaint." Similarly, in Request No. 30, Plaintiff appears to be seeking documents which reflect comparison information between and among chauffeurs and/or limousine drivers, which necessarily would have to come from personnel files. Other than conclusory allegations of the right to discovery of "comparators," Plaintiff has not met her burden of establishing her entitlement to personnel information relating to non-parties to this litigation.

Plaintiff's argument that personnel files are generally discoverable in employment litigation again misconstrues Defendants' objections, and obfuscates the real discovery

---

[4] Defendants also asserted that an appropriate, narrowly tailored interrogatory would be more a more appropriate way to obtain the information purportedly requested by Plaintiff in the document request. In other words, Plaintiff did not elicit the information by way of interrogatory, but appears to want an interrogatory "answer" to a Document Request, as evidenced by her argument that Defendants' objections are without merit because this Court's pattern *interrogatory* requests permit inquiry into the identity of each document relating to the facts alleged in a complaint. (Motions to Compel, p. 11). This argument of course ignores the limitations placed on *document requests* cited above. Moreover, the fact

**Carlton Fields, P.A.**

NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

dispute.  In the first instance, to the extent that Plaintiff seeks information outside of her "work unit," see discussion supra pages 9-11, or related to company employees who had no involvement in her termination decision, see, e.g. E.E.O.C. v. Avco New Idea Division, 1978 W.L. 72 at ¶ 4 (N.D. Ohio 1978) (discovery compelled only as to supervisory personnel who directly supervised the plaintiffs), the requests are irrelevant.

Nor is Plaintiff entitled to unfettered intrusion into the private files of non-party employees just because she has brought a claim of employment discrimination. Indeed, citing confidentiality and privacy concerns, courts often refuse to permit discovery from employers of personnel information relating to employees, either outright, see, e.g., Cason v. Builders FirstSource-Southeast Group, Inc., 159 F.Supp.2d 242, 247-248 (W.D.N.C. 2001)(recognizing public policy against disclosure of employee personnel files, court denied plaintiff access to co-employee files); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995)(blanket request for personnel files of other employees who may be a witness or who were otherwise named in discovery is unwarranted), or unless and until a protective order, which Plaintiff's counsel has refused to sign here, is entered by the court. Gavenda v. Orleans County, 182 F.R.D. 17, 25 (W.D. N.Y. 1997)(where only four of twenty-five personnel files requested by plaintiff involved parties to the litigation, court only ordered the production of the four party files pursuant to a confidentiality order); Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994)(finding that disclosure of confidential personnel files would be an invasion of privacy, court mandated disclosure only pursuant to a protective order).

Even in those cases cited by Plaintiff, the courts found that the plaintiffs had met their burden of establishing that the employee files sought were relevant as comparators in the litigation.  Here, Plaintiff has not met that burden.  Plaintiff merely asserts in her Motion that some of the requested files relate to "fellow limousine drivers who are comparators of [Plaintiff]" (Motions to Compel, p. 15).  As set forth more fully in Defendants' Response to Plaintiff's Motion to Permit Court Supervised Notice to Employees of Their Opt-In Right, incorporated herein by reference, Defendants Carey South Florida and Club Limousine have three (3) separate categories of chauffeurs and

---

that Plaintiff has since March 18, 2002, exceeded the number of interrogatories permitted by Local Rule should not be a basis for a Court Order authorizing an interrogatory answer to a document request.

**Carlton Fields, P.A.**

limousine drivers – employee chauffeurs, house chauffeurs/independent contractors (Plaintiff's position), and independent operator chauffeurs (the position Plaintiff claims she was denied).   Chauffeurs in these positions are paid and treated in a substantially different manner among the offices in Miami and West Palm Beach.  (Id. at 9.  See also Sobol Affidavit, ¶ ¶ 6, 8, 38; Hamman Affidavit, ¶¶ 4-5; 9-18).  Thus, Plaintiff has not met her burden of proving that all other chauffeur or limousine driver classifications were similarly situated to her or comparators, entitling her to a broader range of information than she has already been provided by Defendants.  This is particularly evident given the fact that the Court has not yet ruled on Plaintiff's Motion to Permit Court Supervised Notice.  Without some actual showing, instead of mere conclusory allegations, as to the relevance of these files, Defendants' objections should be sustained.[5]

Defendants also responded that they had no documents to produce for Request No. 30 outside of the appropriate work unit.  To the extent this Request is read to include documentation concerning all other employees of Defendants, the Request is overbroad, as Plaintiff is not entitled to unlimited discovery into all of Defendants' employees.  See Gavenda, 182 F.R.D. at 28 ("the bald assertion of a disparate treatment claim does not by itself entitle a plaintiff to disclosure of confidential personnel information regarding all employees, similarly situated or not").  The Motion should therefore be denied as to Request No. 30.

Finally, with respect to Request No. 27, which seeks personnel files of drivers or chauffeurs who sought or received a transfer from Miami to West Palm Beach, there were no such requests or transfers made during the relevant time frame.  See Exhibit "A" to Defendants' Response to the Third Request for Production of Documents.  For these reasons, there are no documents to produce responsive to this request, and Plaintiff's Motion as to Request No. 27 has no basis.

---

[5] Defendants are unaware of any employee or independent contractor named "Elvin Cardian," so it has no documents to produce with respect to this individual.  Likewise, Plaintiff has not designated which Michael J. Campanile - Jr. or Sr. – to which she refers, and therefore no relevancy determination can be made as to this individual.  With respect to anyone on the list who served in a supervisory or managerial capacity over Plaintiff, however, Defendants will agree to produce, if any, complaints regarding, reprimands or

Carlton Fields, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

### E.  Plaintiff Is Not Entitled to Company-Wide Workforce Data Sought in Request No. 25

In Request No. 25, Plaintiff seeks documents concerning company-wide workforce data about all employees of Defendants.  Defendants responded by providing Plaintiff a list containing the name, gender, office, and transfer and promotion information about 101 house chauffeurs or independent operators in the Miami and West Palm Beach offices during the relevant time frame.  Although not entirely clear, Plaintiff's Motion appears to seek information outside of these parameters.  For all of the reasons set forth supra at pages 9-11, such broad-based information is irrelevant to this action, and therefore, Plaintiff's Motion directed to Request No. 25 should be denied as well.

### F.  Plaintiff is Already in Possession of Documents Responsive to Request No. 26

In Request No. 26, Plaintiff asks for "any and all documents pertaining to job descriptions or job qualifications *for all positions held by Plaintiff with Defendant*...." (Exhibits A and B, Request No. 26.).  There is no dispute in this case that Plaintiff was employed as a house chauffeur in the Miami office.  (Complaint ¶¶ 25, 27).  That is the only position Plaintiff held with Defendants during the three-month tenure of her employment.  Thus, the only responsive documents related to the request as written would be those documents pertaining to the Miami house chauffeur position.

Not only did Defendants produce documents relating to this position, but they also produced documents relating to the West Palm Beach independent operator position, the position Plaintiff claims she was improperly denied.  (See Exhibits C and D, Response to Request No. 26).  Therefore, Defendants have already produced the documents which Plaintiff requested, and there is nothing left for this Court to compel.

Plaintiff's Motion suggests, however,  that she is somehow entitled to documents relating to every one of Defendants' chauffeur and/or limousine driver positions.  That is not, however, what Plaintiff requested in her document request.  A motion to compel is not the appropriate forum for seeking documents which were not requested in the first

counseling, or disciplinary actions taken against them with respect to issues of gender discrimination or failure properly to pay overtime, subject to the entry of a confidentiality order.

15
**Carlton Fields,  P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

instance. Because Defendants produced all documents as requested by Plaintiff in the request as written, Plaintiff's Motion as to Request No. 26 should be denied.[6]

### G. There Are No Relevant Documents Responsive to Request No. 28

Finally, in Request No. 28, Plaintiff seeks "[a]ll studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all employment practice [sic], policy [sic], procedure [sic] or statistic of the Defendant...." Consistent with their position throughout this litigation, Defendants made certain scope objections. Plaintiff's Motion neglects to inform the Court, however, that notwithstanding these scope objections, Defendants responded that:

> [Defendants have] no documents responsive to Plaintiff's twenty-eighth request relating to studies, reports or analyses regarding [Defendants'] practices, policies, procedures, or statistics relating to gender discrimination, retaliation based upon complaints of gender discrimination, or failure to properly pay overtime compensation and with respect to individuals in the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent contractor position, in its possession, custody, or control.

Therefore, there is nothing for the Court to compel as to Request No. 28 within the appropriate scope of inquiry for this case.

Moreover, Defendants' scope and relevancy objections are otherwise valid. Despite the fact that Plaintiff's action is one for discrimination relating to gender and retaliation, as worded, Request No. 28, unlike Request Nos. 8 and 11, potentially reaches any inquiry or investigation relating to *any* claim for employment discrimination or relating to *any* employment practice, by anyone in the Company. But the Courts have consistently limited inquiries relating to other charges of discrimination and the like to the claims being asserted by the plaintiff. For example, in Robbins v. Camden City Board of Education, 105 F.R.D. 49, 59 (D. N.J. 1985), the court refused to compel discovery into allegations of sex discrimination, where plaintiff alleged race

---

[6] Defendants note that they mistakenly made a scope objection to the Document Request, even though the Request as worded did not seek information outside of Plaintiff's position. Therefore, to the extent the Request is interpreted as being limited to Plaintiff's position, Defendants withdraw the objection. To the extent that the Request is interpreted beyond Plaintiff's position, however, the scope objection is valid, and should be sustained, for the reasons set forth supra at pages 9-11.

Carlton Fields, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO.. 01-4026-CIV-GOLD/SIMONTON

discrimination only. See also Nelson v. Telecable of Overland Park, 70 F.E.P Cases 859, 862 (D. Kan. 1996)(in race discrimination case where employer identified only other race discrimination charge, court denied motion to compel directed to all other types of discrimination charges as overbroad); Gheesling v. Chater, 162 F.R.D. 649, 651 (D. Kan. 1995)("the only possible relevant inquiry in this case would be an inquiry into complaints of age discrimination; any other EEO complaints have no conceivable relevance to an age discrimination case"); Whittaker v. Department of Human Resources, 86 F.R.D. 689, 693 (N.D. Ga. 1980)(because plaintiff could not bring sex discrimination claim, protective order granted limiting class discovery to issues of race discrimination).[7]

For these reasons, Defendants objections to Request No. 28 are valid and should be sustained.  Once sustained, there is nothing left for this Court to compel, because Defendants have otherwise responded that there are no documents responsive to request No. 28.

## Conclusion

WHEREFORE, for all of the foregoing reasons, Defendants objections to the discovery requests at issue should be sustained, and Plaintiff's Motion to Compel denied. Furthermore, Defendants should be awarded a reasonable attorney's fee for its work in responding to this Motion.

Respectfully submitted,

*Karin B. Morrell*

PATRICIA H. THOMPSON
Florida Bar No.:  221783
E-mail: pthom@carltonfields.com
KARIN B. MORRELL
Florida Bar No.:  0038636
**CARLTON FIELDS, P.A.**
*Attorneys for Defendants*
4000 International Place
100 S.E. Second Street
Miami, FL  33131-9101

---

[7] Even if certain documents existed responsive to the request, they may be protected from disclosure as well by the self-critical analysis privilege which pertains to employer analysis of employment practices, particularly with respect to affirmative action plans or equal employment opportunity compliance. See John v. Trane Co., 831 F. Supp. 855, 856 (S.D. Fla. 1993); Banks v. Lockheed-Georgia Co., 53 F.R.D. 283, 284 (N.D. Ga. 1971).

**Carlton Fields, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO.. 01-4026-CIV-GOLD/SIMONTON

Telephone:   (305) 530-0050
Facsimile:   (305) 530-0055

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum has been furnished by facsimile and by U.S. Mail on May 10th, 2002 to Harry O. Boreth, Esquire, Counsel for Plaintiff, Glasser & Boreth, P.A., 8751 West Broward Boulevard, Suite 105, Plantation, Florida 33324.

_____
*Kam B. Morrell*
Attorney

**Carlton Fields, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-4026-CIV-GOLD/SIMONTON

OLGA GUTESCU, and all others
similarly situated,

       Plaintiff,

v.

CAREY INTERNATIONAL, INC., a Florida
corporation, CAREY LIMOUSINE FLORIDA,
INC., a Delaware corporation qualified to do
business in the State of Florida, and CLUB
LIMOUSINE SERVICE, INC., a Florida
corporation,

       Defendants.

_____/

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CAREY LIMOUSINE, INC.

Plaintiff, Olga Gutescu, by and through her undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant produce and permit Plaintiff to inspect and copy the documents and tangible things hereinafter designated, within the time specified by the Federal Rules of Civil Procedure.

As used herein, the term "document" shall mean every writing of record of every type and description that is in the possession, custody, or control of Defendant, including, without limitation, correspondence, statements, affidavits, memoranda, stenographic and handwritten notes, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, film, voice recordings, audio tape recordings, maps, reports, surveys, minutes, telegrams, telexes, contracts, memoranda of agreement, diaries, graphs, checks, bank statements, income tax forms, other forms, microfilms, statistical computations, data processing cards,



computer records and computer tapes and printouts or things similar to any of the foregoing; and every copy of such document where the original is not in the possession, custody, or control of Defendant or Defendant's counsel. Any such document bearing on any sheet or side thereof, any marks such as (but not limited to) initials, stamped indicia, comments or notations, or any character not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate document.

This document request shall be deemed to be a continuing one, and it pertains to all documents discovered or found subsequent to the date of your response to this request for production. Any such documents discovered or found subsequent to the date of your response to this request for production, shall be produced upon appropriate notice to the undersigned attorneys.

For purposes of this Request for Production, "Defendant" or "company" refers to Carey Limousine Florida, Inc.

**WHERE A CLAIM OF PRIVILEGE IS ASSERTED IN OBJECTING TO ANY DOCUMENT DEMAND, AND AN ANSWER IS NOT PROVIDED ON THE BASIS OF SUCH ASSERTION, PROVIDE THE INFORMATION REQUIRED BY LOCAL RULE 26.1.G.6 (b).**

## DOCUMENTS TO BE PRODUCED

1.      Plaintiff's entire personnel file, including but not limited to the records pertaining to duties, salaries, commissions, bonuses, discharge, layoff or retirement.

2.      Documents of any type whatsoever which show any internal communications concerning Defendant's consideration of Plaintiff for termination at any time throughout the time her services were utilized by the company.

3.      Documents of any type whatsoever which show any internal communications concerning Plaintiff's performance or performance problems, irrespective of whether same appears in Plaintiff's personnel file.

4.      Copies of any and all written policies or procedures utilized within the last five (5) years within the company regarding the Fair Labor Standards Act, Title VII, the Florida Civil Rights Act of 1992, and/or gender discrimination and/or retaliation, irrespective of whether same is contained in the company's personnel manual.

5.      Any and all documents, memoranda or written summaries of any conversation or meetings with any past or present employee(s) of Defendants regarding the allegations of Plaintiff's Complaint.

6.      Any and all other documents, excluding only documents evidencing communications between Defendant and its attorneys, reflecting each communication (e.g., letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of Defendant concerning the allegations of Plaintiff's Complaint.

7.      Any and all witness statements, whether written, typed, taped or otherwise recorded, describing or relating to the conduct of which Plaintiff has complained in the Complaint filed in this action.

8.      The personnel files of all employees who filed complaints with the Defendant or its predecessors or any government agency alleging gender discrimination based on disparate treatment, and/or retaliation by the Defendant, in the past five (5) years.

9.      The Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for every year of her employment with the Defendant.

10.     All guidelines, policies, procedures, manuals, handbooks, notices or directives utilized and/or issued by the Defendant within the last five (5) years pertaining to the following:

    (a)     The discipline and termination of its employees;

    (b)     The performance evaluation of its employees;

3

(c)     Reviews of wages and fringe benefits to its employees;

(d)     The transfer and promotion of its employees; and

(e)     Wage and hour policies.

11.     Copies of all charges of gender discrimination and/or retaliation violation(s) filed against the Defendant in the past 5 years with the Equal Employment Opportunity Commission, Florida Commission on Human Relations, the United States Department of Labor, and/or any other federal, state or local agency, by employees of the Defendant.

12.     Complaints concerning the work performance of Plaintiff throughout the time she provided services to the Defendant, including any written warning notices to Plaintiff about these complaints.

13.     Complaints from any employee or customer of the Defendant, or from any other person, regarding Plaintiff throughout the time Plaintiff provided services to the company.

14.     The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendant in the above-entitled proceeding.

15.     All reports, studies and other commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendant in the above-entitled proceeding.

16.     Insurance policies which the Defendant may have insuring it against liability for any claims of employment discrimination, including those in the above-entitled proceeding, during the past five (5) years.

17.     Any "reservation of rights" letter from the Defendant's insurer regarding the above-entitled proceeding.

18.     All documents which in any way support the Defendant's affirmative defenses.

19.     Any and all documents submitted to the EEOC or the Miami-Dade County equivalent, in connection with Plaintiff's Charge of Discrimination.

20.     Any and all memoranda, diaries, journals or other documents prepared by Defendant or any of its officers, directors and employees, or any other person, which relate in any manner to Plaintiff's employment, whether or not prepared in anticipation of litigation.

21.     All of Defendant's disciplinary records regarding Plaintiff.

22.     The complete personnel file relating to each of the following persons, including but not limited to the records pertaining to duties, promotion, salary, commission, bonuses, evaluations, discharge, layoff or retirement:

        (a)     Michael J. Campanile

        (b)     Ali Tehrany

        (c)     Mike Goetz

        (d)     Rob Hammond

        (e)     Larry Procaccini

        (f)     Richard Cartun

        (g)     Mihai Ispir

        (h)     Robert Shapiro

        (i)     Elvin Cardian

23.     All documents relating to any affirmative action program or plan of the Defendant, if one was in effect during the last five (5) years, including each affirmative action plan with effective dates for each.

24.     All documents relied upon in the development of each affirmative action plan.

25.     All documents which indicate the breakdown of the workforce by each of the following characteristics:  name, date of hire, transfers, promotions, rate of pay, and gender of employees and independent contractors during the time Gutescu provided services to the company through the present time.

26.     Any and all documents pertaining to job descriptions or job qualifications for all positions held by Plaintiff with the Defendant (chauffeur and/or limousine driver).

27.     The personnel files of each chauffeur and/or limousine driver who sought or received a transfer to the Palm Beach office from the Miami office during the last five (5) years.

28.     All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all employment practice, policy, procedure, or statistics of the Defendant, if conducted during the last five (5) years.

29.     Any and all letters, notes, memoranda, and records of any kind, including adverse, negative, or favorable comments concerning the Plaintiff, during the period of time that Plaintiff worked as a chauffeur and/or limousine driver for Defendant.

30.     All documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of the Plaintiff and other similarly situated persons (chauffeurs and/or limousine drivers).

31.     All documents relating to all inquiries or investigations conducted by or on behalf of the Defendant, as a result of Plaintiff's claim or allegation of discrimination and wage and hour violations.

32.     All documents related to the Defendant's efforts to prevent employment discrimination in the workplace, including those made by the Defendant in an effort to comply with state and federal laws or regulations relating to the maintenance of a non-discriminatory environment, if generated within the last five (5) years.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by U.S. mail to: Patricia H. Thompson, Esq., Carlton, Fields, et al., 4000 International Place, 100 Southeast Second Street, Miami Florida 33131, this 5th day of February, 2002.

> Glasser & Boreth, P.A.
> Attorneys for Plaintiff
> 8751 W. Broward Blvd.
> Suite 105
> Plantation, FL 33324
> Tel. (954) 424-1933
> Fax (954) 474-7405
> E-mail: Glabor@aol.com
>
> By _____
> Harry O. Boreth, Esq.
> Fla. Bar No. 190903
>
> Lloyd S. Glasser, Esq.
> Fla. Bar No. 199230

C:\MyDocuments/Gutescu/Plf's3dRequestforProd-CareyLimo\02/05/02

7

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-4026-CIV-GOLD/SIMONTON

OLGA GUTESCU, and all others
similarly situated,

      Plaintiff,

v.

CAREY INTERNATIONAL, INC., a Florida
corporation, CAREY LIMOUSINE FLORIDA,
INC., a Delaware corporation qualified to do
business in the State of Florida, and CLUB
LIMOUSINE SERVICE, INC., a Florida
corporation,

      Defendants.
_____/

**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CLUB LIMOUSINE SERVICE, INC.**

Plaintiff, Olga Gutescu, by and through her undersigned counsel and pursuant to Rule 34

of the Federal Rules of Civil Procedure, requests that Defendant produce and permit Plaintiff to

inspect and copy the documents and tangible things hereinafter designated, within the time

specified by the Federal Rules of Civil Procedure.

As used herein, the term "document" shall mean every writing of record of every type

and description that is in the possession, custody, or control of Defendant, including, without

limitation, correspondence, statements, affidavits, memoranda, stenographic and handwritten

notes, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of

every type, film, voice recordings, audio tape recordings, maps, reports, surveys, minutes,

telegrams, telexes, contracts, memoranda of agreement, diaries, graphs, checks, bank statements,

income tax forms, other forms, microfilms, statistical computations, data processing cards,

computer records and computer tapes and printouts or things similar to any of the foregoing; and every copy of such document where the original is not in the possession, custody, or control of Defendant or Defendant's counsel. Any such document bearing on any sheet or side thereof, any marks such as (but not limited to) initials, stamped indicia, comments or notations, or any character not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate document.

This document request shall be deemed to be a continuing one, and it pertains to all documents discovered or found subsequent to the date of your response to this request for production. Any such documents discovered or found subsequent to the date of your response to this request for production, shall be produced upon appropriate notice to the undersigned attorneys.

For purposes of this Request for Production, "Defendant" or "company" refers to Club Limousine Service, Inc.

**WHERE A CLAIM OF PRIVILEGE IS ASSERTED IN OBJECTING TO ANY DOCUMENT DEMAND, AND AN ANSWER IS NOT PROVIDED ON THE BASIS OF SUCH ASSERTION, PROVIDE THE INFORMATION REQUIRED BY LOCAL RULE 26.1.G.6 (b).**

## DOCUMENTS TO BE PRODUCED

1.    Plaintiff's entire personnel file, including but not limited to the records pertaining to duties, salaries, commissions, bonuses, discharge, layoff or retirement.

2.    Documents of any type whatsoever which show any internal communications concerning Defendant's consideration of Plaintiff for termination at any time throughout the time her services were utilized by the company.

2

3.      Documents of any type whatsoever which show any internal communications concerning Plaintiff's performance or performance problems, irrespective of whether same appears in Plaintiff's personnel file.

4.      Copies of any and all written policies or procedures utilized within the last five (5) years within the company regarding the Fair Labor Standards Act, Title VII, the Florida Civil Rights Act of 1992, and/or gender discrimination and/or retaliation, irrespective of whether same is contained in the company's personnel manual.

5.      Any and all documents, memoranda or written summaries of any conversation or meetings with any past or present employee(s) of Defendants regarding the allegations of Plaintiff's Complaint.

6.      Any and all other documents, excluding only documents evidencing communications between Defendant and its attorneys, reflecting each communication (*e.g.*, letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of Defendant concerning the allegations of Plaintiff's Complaint.

7.      Any and all witness statements, whether written, typed, taped or otherwise recorded, describing or relating to the conduct of which Plaintiff has complained in the Complaint filed in this action.

8.      The personnel files of all employees who filed complaints with the Defendant or its predecessors or any government agency alleging gender discrimination based on disparate treatment, and/or retaliation by the Defendant, in the past five (5) years.

9.      The Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for every year of her employment with the Defendant.

10.     All guidelines, policies, procedures, manuals, handbooks, notices or directives utilized and/or issued by the Defendant within the last five (5) years pertaining to the following:

        (a)     The discipline and termination of its employees;

        (b)     The performance evaluation of its employees;

3

     (c)      Reviews of wages and fringe benefits to its employees;

     (d)      The transfer and promotion of its employees; and

     (e)      Wage and hour policies.

11.     Copies of all charges of gender discrimination and/or retaliation violation(s) filed against the Defendant in the past 5 years with the Equal Employment Opportunity Commission, Florida Commission on Human Relations, the United States Department of Labor, and/or any other federal, state or local agency, by employees of the Defendant.

12.     Complaints concerning the work performance of Plaintiff throughout the time she provided services to the Defendant, including any written warning notices to Plaintiff about these complaints.

13.     Complaints from any employee or customer of the Defendant, or from any other person, regarding Plaintiff throughout the time Plaintiff provided services to the company.

14.     The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendant in the above-entitled proceeding.

15.     All reports, studies and other commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendant in the above-entitled proceeding.

16.     Insurance policies which the Defendant may have insuring it against liability for any claims of employment discrimination, including those in the above-entitled proceeding, during the past five (5) years.

17.     Any "reservation of rights" letter from the Defendant's insurer regarding the above-entitled proceeding.

18.     All documents which in any way support the Defendant's affirmative defenses.

19.     Any and all documents submitted to the EEOC or the Miami-Dade County equivalent, in connection with Plaintiff's Charge of Discrimination.

20.     Any and all memoranda, diaries, journals or other documents prepared by Defendant or any of its officers, directors and employees, or any other person, which relate in any manner to Plaintiff's employment, whether or not prepared in anticipation of litigation.

21.     All of Defendant's disciplinary records regarding Plaintiff.

22.     The complete personnel file relating to each of the following persons, including but not limited to the records pertaining to duties, promotion, salary, commission, bonuses, evaluations, discharge, layoff or retirement:

        (a)     Michael J. Campanile

        (b)     Ali Tehrany

        (c)     Mike Goetz

        (d)     Rob Hammond

        (e)     Larry Procaccini

        (f)     Richard Cartun

        (g)     Mihai Ispir

        (h)     Robert Shapiro

        (i)     Elvin Cardian

23.     All documents relating to any affirmative action program or plan of the Defendant, if one was in effect during the last five (5) years, including each affirmative action plan with effective dates for each.

24.     All documents relied upon in the development of each affirmative action plan.

25.     All documents which indicate the breakdown of the workforce by each of the following characteristics:  name, date of hire, transfers, promotions, rate of pay, and gender of employees and independent contractors during the time Gutescu provided services to the company through the present time.

26.     Any and all documents pertaining to job descriptions or job qualifications for all positions held by Plaintiff with the Defendant (chauffeur and/or limousine driver).

27.    The personnel files of each chauffeur and/or limousine driver who sought or received a transfer to the Palm Beach office from the Miami office during the last five (5) years.

28.    All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all employment practice, policy, procedure, or statistics of the Defendant, if conducted during the last five (5) years.

29.    Any and all letters, notes, memoranda, and records of any kind, including adverse, negative, or favorable comments concerning the Plaintiff, during the period of time that Plaintiff worked as a chauffeur and/or limousine driver for Defendant.

30.    All documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of the Plaintiff and other similarly situated persons (chauffeurs and/or limousine drivers).

31.    All documents relating to all inquiries or investigations conducted by or on behalf of the Defendant, as a result of Plaintiff's claim or allegation of discrimination and wage and hour violations.

32.    All documents related to the Defendant's efforts to prevent employment discrimination in the workplace, including those made by the Defendant in an effort to comply with state and federal laws or regulations relating to the maintenance of a non-discriminatory environment, if generated within the last five (5) years.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by U.S. mail to: Patricia H. Thompson, Esq., Carlton, Fields, et al., 4000 International Place, 100 Southeast Second Street, Miami Florida 33131, this 5th day of February, 2002.

Glasser & Boreth, P.A.
Attorneys for Plaintiff
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel.  (954) 424-1933
Fax  (954) 474-7405
E-mail:  Glabor@aol.com

By _____
     Harry O. Boreth, Esq.
     Fla. Bar No. 190903

Lloyd S. Glasser, Esq.
Fla. Bar No. 199230

C:MyDocuments/Gutescu/Plf's3dRequestforProd-ClubLimo02/05/02

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

OLGA GUTESCU, and all others
similarly situated,

      Plaintiff,

vs.

CAREY INTERNATIONAL, INC., a Florida,
corporation, CAREY LIMOUSINE FLORIDA,
INC., a Delaware corporation qualified to
do business in the State of Florida, and
CLUB LIMOUSINE SERVICE, INC., a Florida
corporation,

      Defendants.

_____/

## DEFENDANT CAREY LIMOUSINE FLORIDA, INC.'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, CAREY LIMOUSINE FLORIDA, INC. ("Carey South Florida"), by and through its undersigned counsel and in response to Plaintiff's Third Request for Production of Documents to Defendant Carey Limousine Florida, Inc., addresses each numbered paragraph thereof as set forth below. All documents to be produced will be made available at the offices of the undersigned – or such other place as the parties shall agree – upon reasonable notice at a mutually convenient time.

### GENERAL OBJECTIONS

Carey South Florida generally objects to Plaintiff's Third Request for Production of Documents to the extent they would impose obligations on Carey South Florida beyond those imposed by the Federal Rules of Civil Procedure. For example, the

MIA#2180089.01

**CARLTON FIELDS, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

instructions contained in the Request seek to impose a mandatory duty on Carey South Florida to continually supplement its responses, whereas FED. R. CIV. P. 26(e) provides for supplementation only under certain circumstances.

Carey South Florida further generally objects to producing documents protected from disclosure by the attorney-client privilege or the work product doctrine, and files herewith its privilege log.

Finally, Carey South Florida generally objects to any reference to Plaintiff as an "employee" of Carey South Florida or to her "employment" with Carey South Florida since Plaintiff was an independent contractor, but does not wish to burden the Court with an objection to each Request with respect to this issue and therefore objects in a general fashion.

## RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

1.     Carey South Florida produces Plaintiff's personnel file, consisting on the documents with Bates Numbers C-0001 through C-0051.

2.     Carey South Florida states that it has no documents responsive to Plaintiff's second request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

3.     Carey South Florida states that it has no documents responsive to Plaintiff's third request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

4.      Carey South Florida objects to Plaintiff's fourth request to the extent it seek policies or procedures relating to individuals in positions other than the two categories of positions that are relevant to this lawsuit:  (1) the position Plaintiff had; and (2) the position to which she aspired.  More specifically, the position which Plaintiff had was that of a Miami house chauffeur working pursuant to a contract with Club Limousine Services, Inc. between January 1999 and July of 2000,[1] and the position to which Plaintiff aspired was the position of West Palm Beach independent operator chauffeur.  Additionally, Carey South Florida objects to Plaintiff's fourth request in that the requirements of the Fair Labor Standard Act, Title VII, the Florida Civil Rights Act of 1992, do not apply to independent contractors, as Plaintiff was.

Notwithstanding these objections and without waiving them, and without admitting that such policies applied to Plaintiff, since she was an independent contractor, Carey South Florida produces its Equal Employment Opportunity Policy, its Anti-Harassment Policy, and its policies regarding compensation, compensation increases, and timekeeping, with respect to its employees, consisting of documents with Bates Numbers C-0662 through C-0666.

5.      Carey South Florida objects to Plaintiff's fifth request to the extent it seeks documents falling within the work product doctrine, as such documents are privileged. Carey South Florida further objects to Plaintiff's fifth request as irrelevant and overly broad to the extent it seeks information regarding any non-substantive allegations of

---

[1] This position will hereinafter be referred to as the "Miami independent contractor position."

3

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint not relating specifically to Plaintiff and the instant action.

Notwithstanding the above objections and without waiving them, Carey South Florida states that it has no non-privileged documents relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's fifth request in its possession, custody, or control.

6.    Carey South Florida objects to Plaintiff's sixth request to the extent it seeks documents falling within the work product doctrine, as such documents are privileged.  Carey South Florida further objects to Plaintiff's sixth request as irrelevant and overly broad to the extent it seeks information regarding any non-substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint not relating specifically to Plaintiff and the instant action.

Notwithstanding the above objections and without waiving them, Carey South Florida states that it has no non-privileged documents relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's sixth request in its possession, custody, or control.

7.    Carey South Florida objects to Plaintiff's seventh request to the extent it seeks documents falling within the work product doctrine, as such documents are privileged.  Carey South Florida further objects to Plaintiff's seventh request as

4

irrelevant and overly broad to the extent it seeks information regarding any non-substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint not relating specifically to Plaintiff and the instant action.

Notwithstanding the above objections and without waiving them, Carey South Florida states that it has no non-privileged documents relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's seventh request in its possession, custody, or control.

8.     Carey South Florida objects to Plaintiff's eighth request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Carey South Florida states that it has no documents in its possession, custody or control that are responsive to Plaintiff's eighth request which relate to gender discrimination and/or retaliation based upon complaints of gender discrimination by individuals in the two categories of positions that are relevant to this lawsuit:  (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator position.

9.     Without admitting that the documents necessarily evidence or reflect the number of hours worked by Plaintiff or the basis upon which she was paid, Carey South

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

Florida produces records regarding Plaintiff's compensation, consisting on the documents with Bates Numbers C-0053 through C-0082, C-0085 through C-0-521.

10.     Carey South Florida objects to Plaintiff's tenth request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired. Additionally, Carey South Florida objects to Plaintiff's tenth request in that none of the specific policies requested in the request apply to independent contractors, as Plaintiff was.

Notwithstanding these objections and without waiving them, and without admitting that such policies applied to Plaintiff, since she was an independent contractor, Carey South Florida produces its Performance And Evaluation And Goal Setting Policy, its Termination of Employment Policy, its Performance Improvement Policy, and its policies regarding compensation, compensation increases, and timekeeping, with respect to its employees, consisting of documents with Bates Numbers C-0656 through C-0662, and C-0664 through C-0666.

11.     Carey South Florida objects to Plaintiff's eleventh request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

MIA#2180089.01

6

CARLTON FIELDS, P.A.

NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

Notwithstanding this objection and without waiving it, Carey South Florida states that it has no documents in its possession, custody or control that are responsive to Plaintiff's eleventh request which relate to gender discrimination and/or retaliation based upon complaints of gender discrimination by individuals in the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator position.

12.     Carey South Florida states that it has no documents responsive to Plaintiff's twelfth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

13.     Carey South Florida states that it has no documents responsive to Plaintiff's thirteenth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

14.     Carey South Florida objects to Plaintiff's fourteenth request to the extent it seeks information regarding any advisor or consultant retained by Carey South Florida with respect to this action.

Notwithstanding this objection and without waiving it, Carey South Florida states that it has not retained any expert witnesses, advisors, or consultants at this time with respect to the instant action.

15.     Carey South Florida objects to Plaintiff's fifteenth request to the extent it seeks documents prepared by any advisor or consultant retained by Carey South

7

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

Florida with respect to this action, as such documents fall within the protection of the work product doctrine.

Notwithstanding this objection and without waiving it, Carey South Florida states that it has not retained any expert witnesses, advisors, or consultants at this time with respect to the instant action and therefore has no documents prepared by any such individuals.

16.   Carey South Florida states that it has no documents responsive to Plaintiff's sixteenth request in its possession, custody, or control.

17.   Carey South Florida states that it has no documents responsive to Plaintiff's seventeenth request in its possession, custody, or control.

18.   Carey South Florida objects to Plaintiff's eighteenth request as overly broad and unduly burdensome, in that Carey South Florida raised numerous affirmative defenses, and thus the number of documents which might "in any way support" those defenses could conceivably be extraordinarily large.   Carey South Florida states that interrogatories regarding specific and individual affirmative defenses would be more convenient and less burdensome, and thus more appropriate, method for obtaining the requested information.

19.   Carey South Florida responds to Plaintiff's nineteenth request by producing documents with bates number C-0848 through C-0865.

20.   Carey South Florida objects to Plaintiff's twentieth request to the extent it seeks documents protected by the work product doctrine.   Carey South Florida further objects to Plaintiff's twentieth request as overly broad and not reasonably calculated to

**CARLTON FIELDS, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

lead to the discovery of admissible evidence to the extent the request does not relate to Plaintiff's allegations of gender discrimination, retaliation based upon complaints of gender discrimination, or failure of Carey South Florida properly to pay her overtime compensation.

Notwithstanding this objection and without waiving it, Carey South Florida states that it has no documents responsive to Plaintiff's twentieth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file, and listed on Defendants' Privilege Log.

21.    Carey South Florida states that it has no documents responsive to Plaintiff's twenty-first request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

22.    Carey South Florida objects to Plaintiff's twenty-second request in that it seeks confidential personal and financial information of Carey South Florida employees and/or independent contractors, and thus constitutes an invasion of the privacy of those employees and independent contractors.  Moreover, Carey South Florida objects to Plaintiff's twenty-second request as irrelevant and overly broad, in that Plaintiff has provided no explanation as to the relevance or significance of the listed individuals to the allegations of her Complaint.  Finally, Carey South Florida objects to Plaintiff's twenty-second request as irrelevant and overly broad to the extent it seeks information relating to individuals other than those in the two categories of chauffeur positions that are relevant to this lawsuit:  (1) the Miami independent contractor position;  and (2) the West Palm Beach independent operator chauffeur position.

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

Notwithstanding these objections and without waiving them, Carey South Florida states that it has no documents relating to complaints regarding, reprimands or counseling or, or disciplinary actions taken against, Michael J. Campanile, Michael Goetz, Robert Hamman, or Larry Procaccini, with respect to the issues of gender discrimination, retaliation based upon complaints of gender discrimination, or failure properly to pay overtime compensation.

23.     Carey South Florida objects to Plaintiff's twenty-third request as irrelevant and overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not relating to the treatment of females as a minority in an affirmative action program or plan, as gender is the only protected minority category at issue in this action.

Notwithstanding this objection and without waiving it, Carey South Florida states that it has no documents in its possession, custody, or control relating to any affirmative action program or plan which relate to the treatment of females as a minority.

24.     Carey South Florida objects to Plaintiff's twenty-fourth request as irrelevant and overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seek documents not relating to the development of any affirmative action program or plan and the treatment of females as a minority in any such affirmative action program or plan, as gender is the only protected minority category at issue in this action.

Notwithstanding this objection and without waiving it, Carey South Florida states that it has no documents which relate to the development of any affirmative action program or plan and the treatment of females as a minority in any such affirmative action program or plan in its possession, custody, or control.

25.    Carey South Florida objects to Plaintiff's twenty-fifth request as irrelevant and overly broad to the extent it seeks documents relating to individuals other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Carey South Florida produces Exhibit A to this Response regarding the names, genders, offices, transfers, and promotions, of individuals in the two categories of positions that are relevant to this lawsuit:  (1) the Miami independent contractor position;  and (2) the West Palm Beach independent operator position, between October 1999 and January 2000.  Carey South Florida notes that Exhibit A is a document created and generated by Defendants for purposes of responding to this discovery and not kept, created, or generated in the ordinary course of business.

26.    Carey South Florida objects to Plaintiff's twenty-sixth request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator

chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Carey South Florida produces documents responsive to Plaintiff's twenty-sixth request and relating to the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator position, in its possession, custody, or control, consisting of documents with Bates Numbers C-0522 through C-0655.

27.    Carey South Florida objects to Plaintiff's twenty-seventh request as irrelevant and overly broad to the extent it seeks documents relating to individuals other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Carey South Florida states that it has no documents responsive to Plaintiff's twenty-seventh request relating to individuals in the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator position, in its possession, custody, or control.

28.    Carey South Florida objects to Plaintiff's twenty-eighth request as irrelevant and overly broad to the extent it seeks documents relating to individuals other

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.   Carey South Florida further objects to Plaintiff's twenty-eighth request as irrelevant and overly broad to the extent it seeks documents regarding issues other than gender discrimination, retaliation based upon complaints of gender discrimination, or failure properly to pay overtime compensation.

Notwithstanding these objections and without waiving them, Carey South Florida states that it has no documents responsive to Plaintiff's twenty-eighth request relating to studies, report, or analyses regarding Carey South Florida's practices, policies, procedures, or statistics relating to gender discrimination, retaliation based upon complaints of gender discrimination, or failure properly to pay overtime compensation and with respect to individuals in the two categories of positions that are relevant to this lawsuit:  (1) the Miami independent contractor position;  and (2) the West Palm Beach independent operator position, in its possession, custody, or control.

29.    Carey South Florida states that it has no documents responsive to Plaintiff's twenty-ninth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

30.    Carey South Florida objects to Plaintiff's thirtieth request as irrelevant and overly broad to the extent it seeks documents relating to individuals other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not

13

**CARLTON FIELDS, P.A.**

similarly situated to Plaintiff and/or similarly situated to the position to which she aspired. Carey South Florida further objects to Plaintiff's thirtieth request as ambiguous, irrelevant, and overly broad in that Plaintiff has not defined who she considers to be similarly situated to her under either Title VII or the Fair Labor Standards Act and thus Carey South Florida is not sure to which individuals the request refers. Additionally, Carey South Florida objects to Plaintiff's thirtieth request in that it is premature and inappropriate unless and until the Court should order that notice be sent to individuals who are "similarly situated" to Plaintiff. Finally, Carey South Florida objects to Plaintiff's thirtieth request in that it seeks documents which contain confidential personal and financial information of employees and independent contractors who work at Carey South Florida, and thus constitutes an invasion of the privacy of those employees and independent contractors.

Notwithstanding these objections and without waiving them, Carey South Florida states that it has no documents responsive to Plaintiff's thirtieth request and relating to individuals in the two categories of positions that are relevant to this lawsuit:  (1) the Miami independent contractor position;  and (2) the West Palm Beach independent operator position, in its possession, custody, or control.

31.    Carey South Florida states that it has no non-privileged documents responsive to Plaintiff's thirty-first request in its possession, custody, or control; all responsive privileged documents are listed on Defendants' Privilege Log.

32.    Carey South Florida objects to Plaintiff's thirty-second request as irrelevant and overly broad to the extent it seeks documents relating to other than those

in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.  Additionally, Carey South Florida objects to Plaintiff's thirty-second request in that the requirements of Title VII and the Florida Civil Rights Act of 1992 regarding discrimination do not apply to independent contractors, as Plaintiff was.   Finally, Carey South Florida objects to Plaintiff's thirty-second requests to the extent it seek "all documents related to" Carey South Florida's efforts, in that such a request is overly broad and unduly burdensome.

Notwithstanding these objections and without waiving them, and without admitting that such policies applied to Plaintiff, since she was an independent contractor, Carey South Florida produces its Equal Employment Opportunity Policy and its Anti-Harassment Policy, consisting of documents with Bates Numbers C-0662 and C-0663.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand-delivery this _10th_ day of March, 2002, to:  Harry O. Boreth, Esquire, Counsel for Plaintiff, Glasser & Boreth, P.A., 8751 West Broward Boulevard, Suite 105, Plantation, Florida  33324.

Respectfully submitted,

_Karin B. Morell_

CASE NO.:  01-4026-CIV-GOLD/SIMONTON

Patricia H. Thompson
Florida Bar Number 221783
E-Mail:  pthom@carltonfields.com
Karin B. Morrell
Florida Bar Number 0038636
E-Mail:  kmorr@carltonfields.com
**CARLTON, FIELDS, P.A.**
4000 International Place
100 Southeast Second Street
Miami, Florida 33131
Telephone:  (305) 530-0050
Facsimile:    (305) 530-0055

Counsel for Defendants

PRIVILEGE LOG

Pursuant to Local Rule 16.1 G.3.(b) Defendants hereby advise the Plaintiff that they are withholding the production of the documents created prior to the filing of this lawsuit and described below as being confidential and privileged. The "BS#" references are to the Bate numbers on each document. The following abbreviations are used: WP – work product; AL – prepared in anticipation of litigation; AC – attorney client communication. Defendants have not identified any documents as to which they claim such priviliges, which have been created since the filing of this lawsuit, as such documents would not be discoverable, and need not be disclosed on this log.

1.  (BS# C-0866-C-0870) Memo from Larry Procaccini to Vilma Wiley, dated 12/28/00, re: Plaintiff's EEOC discrimination charge. AL;WP.

2.  (BS# C-0871) Undated summaries of EEOC settlement conference prepared by Rob Hamman and Velma Wiley. AL; WP; AP.

3.  (BS# C-0872) Memo from Larry Procaccino to Vilma Wiley, dated 12/27/00, re: Plaintiff's EEOC discrimination charge. AL; WP.

4.  (BS# C-0873) E-mail from Jessica McClintock to Larry Procaccini, dated 11/22/00 re: Plaintiff's EEOC discrimination charge. AL; WP.

5.  (BS# C-0874) Two tel. call messages for Larry Procacini, dated 1/9/01, from Vilma and Merlynda re Plaintiff's EEOC discrimination charge. AL; WP.

6.  (BS# C-0875 and C-0884) Memo from Larry Procaccini to Rob Hamman, dated December 14, 2000 re Plaintiff's EEOC discrimination charge, and fax. confirmation of transmission of same memo. AL; WP

7.  (BS# C-0876)  Email from Velma Wiley to Rob Hamman, dated April 16, 2001, with attached summary of EEOC settlement conference prepared by Velma Wiley. AL; WP; AP.

8.  (BS# C-0877-0878) Copy of Plaintiff's EEOC charge with attached copy of Tel. call message from Rob Hammond, dated November 6, 2000. AL; WP; AP.

9.  (BS# C-0879-0880) Email from Larry Procaccini to Guy Thomas and Rob Hammond re: tel. conference with Newsu Mazzarese of EEOC and strategy for responding to Plaintiff's charge, with attached hand written notes of same call by Larry Procaccini. AL; WP; AP.

10.  (BS# C-0881-0883) 3 copies of same fax transmission memo originally from Larry Procaccini to Guy Thomas, dated November 9, 2000, re:

Plaintiff's independent contractor's agreement, with different handwriting on two of the copies, apparently indicating transmission of the memo to Gary Kessler, and back to Larry Procaccini. AL; WP; AP

11.   (BS# C-0885) Email from Larry Procaccini to Gary Kessler, dated December 4, 2000, re: Strategy for responding to Plaintiff's EEOC charge. AL; WP; AP.

12.   (BS# C-0886) Emails from Velma Wiley to Larry Procaccini, dated Jan. 5, 2001 and Jan. 9, 2001, concerning Strategy for responding to Plaintiff's EEOC charge and upcoming meeting at EEOC. AL; WP; AP.

# EXHIBIT A TO RESPONSES OF CAREY LIMOUSINE FLORIDA, INC. AND CLUB LIMOUSINE SERVICES, INC. TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

## MIAMI HOUSE CHAUFFEURS AND WEST PALM BEACH INDEPENDENT OPERATOR CHAUFFEURS BETWEEN OCTOBER 1999 AND JANUARY 2000

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|-----------|-----------|--------|---------------|------------------------------|-------------|
| BROWN | SCOTT | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| SARTORIO | ANTHONY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| LEAVITT | ALAN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| GONZALES | THOMAS | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| CARTUN | RICHARD | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |

1

MIA#2179190.01

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| VERVERKA | WILLIAM | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WILLIAMS | FRED | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| VALLEY | JOHN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| FOODY | JAMES | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| CROSSLEY | LOUIS | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| PASTORELLA | JOHN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WILLIAMS | CURTIS | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| BADIE | ALONZO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| CARABALLO | ELVING | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| BERSON | SONNY | MALE | Miami Office 12050 N.E. 14th Avenue | No | None |

2

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#217919O.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| MYERS | RICHARD | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| BRAYNON | DAVID | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WILLIAMS | IVAN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| SHAPIRO | ROBERT | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| MORENO | FERNANDO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| DAVIS | LAWRENCE | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| PERSON | LESTER | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| ZIMMELMAN | RICHARD | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| COHEN | JOEL | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |

3

MIA#2179190.01

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| SANTANA | MARIO | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| WEISSMAN | JACK | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| CARABALLO | RAUL | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| MANLEY | LEO | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| PERSON | CARL | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| SMITH | DOUGLAS | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| NOCEDO | LEONARDO | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| GUTESCU | OLGA | FEMALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| BOSNIAK | MARTIN | MALE | Miami Office | No | None |

MIA#21791990.01

\* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

4

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | 12050 N.E. 14th Avenue Miami, FL 33161 | | |
| HOLDER | RICK | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| TORRES | WILLIAM | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WALKER | RODNEY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| FELDER | LEON | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WOOLFOLK | EARLY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| SANDERS | CAVIN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| DESIR | CAPRIO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| RODRIGUEZ | RAMON | MALE | Miami Office 12050 N.E. 14th Avenue | No | None |

5

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | Miami, FL 33161 | | |
| QUINTEROS | ARNALDO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| HANDROS | ROY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| ALVAREZ | VICTOR | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| REJOUIS | ANAN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| ANNIAS | SCOTT | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| HARRIS | GREGORY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| LUFTON | ALARIC | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| MALCOLM | KAREN | FEMALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |

6

* Defendants do not consider a change in specific chauffeur position, i.e., from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|-----------|-----------|--------|---------------|------------------------------|-------------|
| LESHAY | JOEL | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL  33161 | No | None |
| MCINTYRE | ALPHONSO | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL  33161 | No | None |
| GADDI | THEODORE | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL  33161 | No | None |
| ALFONSO | ALEJANDRO | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| AMATO | JAVIER | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| BOSNIAK | MARTIN | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| BROWN | SCOTT | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| BURBINSKI | MARIO | MALE | West Palm Beach Office | Not applicable | None |

\* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

7

MIA#217919.0.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS |
|---|---|---|---|---|---|
| | | | 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | | |
| CACERES | TONY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| CHUKUMA | CHARLES | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| CLARKE | ERROL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| COOK | GARY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| CORMIER | LEE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| CRITCHETT | JOHN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S | Not applicable | None |

8

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#217919O.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | West Palm Beach, FL  33406 | | |
| DONAHAY | MARK | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| DONNER | PAUL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| FEIJOO | LUIS | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| FOODY | JAMES | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| GONZALES | THOMAS | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| HARVARD | ALVIN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| HAVENS | BILL | MALE | West Palm Beach Office | Not applicable | None |

9

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#217919O.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | | |
| HEAD | CHARLES | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| HERNANDEZ | JUSTINO | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| HODDE | MIKE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| HUMPHREYS | JACK | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| ILLANEZ | KLEBER | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| ISPIR | MIHAIL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S | Not applicable | None |

* Defendants do not consider a change in specific chauffeur position, i.e., from house chauffeur to independent operator chauffeur, to be a promotion.

10

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | West Palm Beach, FL 33406 | | |
| JADUSINGH | ROWLAND | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| JANS | DAVE | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| LEAVITT | ALAN | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| LESHAY | JOEL | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| LYME | BARRY | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| MARDENFELD | JAY | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| MILLER | MARC | MALE | West Palm Beach Office | Not applicable | None |

11

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#217919O.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | | |
| MOSCHETTO | MARTY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| MYERS | RICHARD | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| OLSEN | JOHN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| PAPP | EDUARD | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| PEREZ | OSCAR | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |

12

\* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#217919O.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| POWELL | GEORGE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| PUGH | TOM | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| RENGIFO | FRANCISCO | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| ROBINSON | ERROLL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| SARDONE | MIKE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| SARFARAZ | ANDY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| SHAPIRO | ROBERT | MALE | West Palm Beach Office 1601 Belvedere Road | Not applicable | None |

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

13

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| SHENDELL | MIKE | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| TERZAGUI | HORACIO | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| URRUTIA | JUAN | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| WENDT | RICHARD | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| WILLIAMS | FRED | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| ZAPATA | HERNAN | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |

14

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

OLGA GUTESCU, and all others
similarly situated,

     Plaintiff,

vs.

CAREY INTERNATIONAL, INC., a Florida,
corporation, CAREY LIMOUSINE FLORIDA,
INC., a Delaware corporation qualified to
do business in the State of Florida, and
CLUB LIMOUSINE SERVICE, INC., a Florida
corporation,

     Defendants.

_____/

### DEFENDANT CLUB LIMOUSINE SERVICES, INC.'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, CLUB LIMOUSINE SERVICES, INC. ("Club Limousine"), by and through its undersigned counsel and in response to Plaintiff's Third Request for Production of Documents to Defendant Club Limousine Services, Inc., addresses each numbered paragraph thereof as set forth below. All documents to be produced will be made available at the offices of the undersigned – or such other place as the parties shall agree – upon reasonable notice at a mutually convenient time.

### GENERAL OBJECTIONS

Club Limousine generally objects to Plaintiff's Third Request for Production of Documents to the extent they would impose obligations on Club Limousine beyond those imposed by the Federal Rules of Civil Procedure. For example, the instructions

MIA#2180087.01

**CARLTON FIELDS, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

contained in the Request seek to impose a mandatory duty on Club Limousine to continually supplement its responses, whereas FED. R. CIV. P. 26(e) provides for supplementation only under certain circumstances.

Club Limousine further generally objects to producing documents protected from disclosure by the attorney-client privilege or the work product doctrine, and files herewith its privilege log.

Finally, Club Limousine generally objects to any reference to Plaintiff as an "employee" of Club Limousine or to her "employment" with Club Limousine since Plaintiff was an independent contractor, but does not wish to burden the Court with an objection to each Request with respect to this issue and therefore objects in a general fashion.

## RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

1.     Club Limousine produces Plaintiff's personnel file, consisting on the documents with Bates Numbers C-0001 through C-0051.

2.     Club Limousine states that it has no documents responsive to Plaintiff's second request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

3.     Club Limousine states that it has no documents responsive to Plaintiff's third request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

MIA#2180087.01                                    2

**CARLTON FIELDS, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

4.     Club Limousine objects to Plaintiff's fourth request to the extent it seek policies or procedures relating to individuals in positions other than the two categories of positions that are relevant to this lawsuit: (1) the position Plaintiff had; and (2) the position to which she aspired. More specifically, the position which Plaintiff had was that of a Miami house chauffeur working pursuant to a contract with Club Limousine between January 1999 and July of 2000,[1] and the position to which Plaintiff aspired was the position of West Palm Beach independent operator chauffeur. Additionally, Club Limousine objects to Plaintiff's fourth request in that the requirements of the Fair Labor Standard Act, Title VII, the Florida Civil Rights Act of 1992, do not apply to independent contractors, as Plaintiff was.

Notwithstanding these objections and without waiving them, and without admitting that such policies applied to Plaintiff, since she was an independent contractor, Club Limousine produces its Equal Employment Opportunity Policy, its Anti-Harassment Policy, and its policies regarding compensation, compensation increases, and timekeeping, with respect to its employees, consisting of documents with Bates Numbers C-0662 through C-0666.

5.     Club Limousine objects to Plaintiff's fifth request to the extent it seeks documents falling within the work product doctrine, as such documents are privileged. Club Limousine further objects to Plaintiff's fifth request as irrelevant and overly broad to the extent it seeks information regarding any non-substantive allegations of Plaintiff's

---

[1] This position will hereinafter be referred to as the "Miami independent contractor position."

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

Complaint and/or allegations contained in Plaintiff's Complaint not relating specifically to Plaintiff and the instant action.

Notwithstanding the above objections and without waiving them, Club Limousine states that it has no non-privileged documents relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's fifth request in its possession, custody, or control.

6.    Club Limousine objects to Plaintiff's sixth request to the extent it seeks documents falling within the work product doctrine, as such documents are privileged. Club Limousine further objects to Plaintiff's sixth request as irrelevant and overly broad to the extent it seeks information regarding any non-substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint not relating specifically to Plaintiff and the instant action.

Notwithstanding the above objections and without waiving them, Club Limousine states that it has no non-privileged documents relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's sixth request in its possession, custody, or control.

7.    Club Limousine objects to Plaintiff's seventh request to the extent it seeks documents falling within the work product doctrine, as such documents are privileged. Club Limousine further objects to Plaintiff's seventh request as irrelevant and overly

broad to the extent it seeks information regarding any non-substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint not relating specifically to Plaintiff and the instant action.

Notwithstanding the above objections and without waiving them, Club Limousine states that it has no non-privileged documents relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's seventh request in its possession, custody, or control.

8.    Club Limousine objects to Plaintiff's eighth request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Club Limousine states that it has no documents in its possession, custody or control that are responsive to Plaintiff's eighth request which relate to gender discrimination and/or retaliation based upon complaints of gender discrimination by individuals in the two categories of positions that are relevant to this lawsuit:  (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator position.

9.    Without admitting that the documents necessarily evidence or reflect the number of hours worked by Plaintiff or the basis upon which she was paid, Club

**CARLTON FIELDS, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

Limousine produces records regarding Plaintiff's compensation, consisting on the documents with Bates Numbers C-0053 through C-0082, C-0085 through C-0-521.

10.   Club Limousine objects to Plaintiff's tenth request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired. Additionally, Club Limousine objects to Plaintiff's tenth request in that none of the specific policies requested in the request apply to independent contractors, as Plaintiff was.

Notwithstanding these objections and without waiving them, and without admitting that such policies applied to Plaintiff, since she was an independent contractor, Club Limousine produces its Performance And Evaluation And Goal Setting Policy, its Termination of Employment Policy, its Performance Improvement Policy, and its policies regarding compensation, compensation increases, and timekeeping, with respect to its employees, consisting of documents with Bates Numbers C-0656 through C-0662, and C-0664 through C-0666.

11.   Club Limousine objects to Plaintiff's eleventh request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator

**CARLTON FIELDS, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Club Limousine states that it has no documents in its possession, custody or control that are responsive to Plaintiff's eleventh request which relate to gender discrimination and/or retaliation based upon complaints of gender discrimination by individuals in the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator position.

12.    Club Limousine states that it has no documents responsive to Plaintiff's twelfth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

13.    Club Limousine states that it has no documents responsive to Plaintiff's thirteenth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

14.    Club Limousine objects to Plaintiff's fourteenth request to the extent it seeks information regarding any advisor or consultant retained by Club Limousine with respect to this action.

Notwithstanding this objection and without waiving it, Club Limousine states that it has not retained any expert witnesses, advisors, or consultants at this time with respect to the instant action.

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

15.    Club Limousine objects to Plaintiff's fifteenth request to the extent it seeks documents prepared by any advisor or consultant retained by Club Limousine with respect to this action, as such documents fall within the protection of the work product doctrine.

Notwithstanding this objection and without waiving it, Club Limousine states that it has not retained any expert witnesses, advisors, or consultants at this time with respect to the instant action and therefore has no documents prepared by any such individuals.

16.    Club Limousine states that it has no documents responsive to Plaintiff's sixteenth request in its possession, custody, or control.

17.    Club Limousine states that it has no documents responsive to Plaintiff's seventeenth request in its possession, custody, or control.

18.    Club Limousine objects to Plaintiff's eighteenth request as overly broad and unduly burdensome, in that Club Limousine raised numerous affirmative defenses, and thus the number of documents which might "in any way support" those defenses could conceivably be extraordinarily large.  Club Limousine states that interrogatories regarding specific and individual affirmative defenses would be more convenient and less burdensome, and thus more appropriate, method for obtaining the requested information.

19.    Club Limousine responds to Plaintiff's nineteenth request by producing documents with bates number C-0848 through C-0865.

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

20.    Club Limousine objects to Plaintiff's twentieth request to the extent it seeks documents protected by the work product doctrine.   Club Limousine further objects to Plaintiff's twentieth request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent the request does not relate to Plaintiff's allegations of gender discrimination, retaliation based upon complaints of gender discrimination, or failure of Club Limousine properly to pay her overtime compensation.

Notwithstanding this objection and without waiving it, Club Limousine states that it has no documents responsive to Plaintiff's twentieth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file, and listed on Defendants' Privilege Log.

21.    Club Limousine states that it has no documents responsive to Plaintiff's twenty-first request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

22.    Club Limousine objects to Plaintiff's twenty-second request in that it seeks confidential personal and financial information of Club Limousine employees and/or independent contractors, and thus constitutes an invasion of the privacy of those employees and independent contractors.   Moreover, Club Limousine objects to Plaintiff's twenty-second request as irrelevant and overly broad, in that Plaintiff has provided no explanation as to the relevance or significance of the listed individuals to the allegations of her Complaint.  Finally, Club Limousine objects to Plaintiff's twenty-

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

second request as irrelevant and overly broad to the extent it seeks information relating to individuals other than those in the two categories of chauffeur positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator chauffeur position.

Notwithstanding these objections and without waiving them, Club Limousine states that it has no documents relating to complaints regarding, reprimands or counseling or, or disciplinary actions taken against, Michael J. Campanile, Michael Goetz, Robert Hamman, or Larry Procaccini, with respect to the issues of gender discrimination, retaliation based upon complaints of gender discrimination, or failure properly to pay overtime compensation.

23.    Club Limousine objects to Plaintiff's twenty-third request as irrelevant and overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not relating to the treatment of females as a minority in an affirmative action program or plan, as gender is the only protected minority category at issue in this action.

Notwithstanding this objection and without waiving it, Club Limousine states that it has no documents in its possession, custody, or control relating to any affirmative action program or plan which relate to the treatment of females as a minority.

24.    Club Limousine objects to Plaintiff's twenty-fourth request as irrelevant and overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seek documents not relating to the development of any

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

affirmative action program or plan and the treatment of females as a minority in any such affirmative action program or plan, as gender is the only protected minority category at issue in this action.

Notwithstanding this objection and without waiving it, Club Limousine states that it has no documents which relate to the development of any affirmative action program or plan and the treatment of females as a minority in any such affirmative action program or plan in its possession, custody, or control.

25.   Club Limousine objects to Plaintiff's twenty-fifth request as irrelevant and overly broad to the extent it seeks documents relating to individuals other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Club Limousine produces Exhibit A to this Response regarding the names, genders, offices, transfers, and promotions, of individuals in the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position; and (2) the West Palm Beach independent operator position, between October 1999 and January 2000. Club Limousine notes that Exhibit A is a document created and generated by Defendants for purposes of responding to this discovery and not kept, created, or generated in the ordinary course of business.

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO.: 01-4026-CIV-GOLD/SIMONTON

26.    Club Limousine objects to Plaintiff's twenty-sixth request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Club Limousine produces documents responsive to Plaintiff's twenty-sixth request and relating to the two categories of positions that are relevant to this lawsuit:   (1) the Miami independent contractor position;   and (2) the West Palm Beach independent operator position, in its possession, custody, or control, consisting of documents with Bates Numbers C-0522 through C-0655.

27.    Club Limousine objects to Plaintiff's twenty-seventh request as irrelevant and overly broad to the extent it seeks documents relating to individuals other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.

Notwithstanding this objection and without waiving it, Club Limousine states that it has no documents responsive to Plaintiff's twenty-seventh request relating to individuals in the two categories of positions that are relevant to this lawsuit:   (1) the

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

Miami independent contractor position;  and (2) the West Palm Beach independent operator position, in its possession, custody, or control.

28.    Club Limousine objects to Plaintiff's twenty-eighth request as irrelevant and overly broad to the extent it seeks documents relating to individuals other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.  Club Limousine further objects to Plaintiff's twenty-eighth request as irrelevant and overly broad to the extent it seeks documents regarding issues other than gender discrimination, retaliation based upon complaints of gender discrimination, or failure properly to pay overtime compensation.

Notwithstanding these objections and without waiving them, Club Limousine states that it has no documents responsive to Plaintiff's twenty-eighth request relating to studies, report, or analyses regarding Club Limousine's practices, policies, procedures, or statistics relating to gender discrimination, retaliation based upon complaints of gender discrimination, or failure properly to pay overtime compensation and with respect to individuals in the two categories of positions that are relevant to this lawsuit: (1) the Miami independent contractor position;  and (2) the West Palm Beach independent operator position, in its possession, custody, or control.

13

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

29.    Club Limousine states that it has no documents responsive to Plaintiff's twenty-ninth request in its possession, custody, or control, other than those contained in Plaintiff's personnel file.

30.    Club Limousine objects to Plaintiff's thirtieth request as irrelevant and overly broad to the extent it seeks documents relating to individuals other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired.  Club Limousine further objects to Plaintiff's thirtieth request as ambiguous, irrelevant, and overly broad in that Plaintiff has not defined who she considers to be similarly situated to her under either Title VII or the Fair Labor Standards Act and thus Club Limousine is not sure to which individuals the request refers.  Additionally, Club Limousine objects to Plaintiff's thirtieth request in that it is premature and inappropriate unless and until the Court should order that notice be sent to individuals who are "similarly situated" to Plaintiff.  Finally, Club Limousine objects to Plaintiff's thirtieth request in that it seeks documents which contain confidential personal and financial information of employees and independent contractors who work at Carey South Florida, and thus constitutes an invasion of the privacy of those employees and independent contractors.

Notwithstanding these objections and without waiving them, Club Limousine states that it has no documents responsive to Plaintiff's thirtieth request and relating to individuals in the two categories of positions that are relevant to this lawsuit:  (1) the

CARLTON FIELDS, P.A.
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

Miami independent contractor position;   and (2) the West Palm Beach independent operator position, in its possession, custody, or control.

31.    Club Limousine states that it has no non-privileged documents responsive to Plaintiff's thirty-first request in its possession, custody, or control; all responsive privileged documents are listed on Defendants' Privilege Log.

32.    Club Limousine objects to Plaintiff's thirty-second request as irrelevant and overly broad to the extent it seeks documents relating to other than those in the Miami independent contractor position and the West Palm Beach independent operator chauffeur position, since individuals in any other chauffeur position are not similarly situated to Plaintiff and/or similarly situated to the position to which she aspired. Additionally, Club Limousine objects to Plaintiff's thirty-second request in that the requirements of Title VII and the Florida Civil Rights Act of 1992 regarding discrimination do not apply to independent contractors, as Plaintiff was.   Finally, Club Limousine objects to Plaintiff's thirty-second requests to the extent it seek "all documents related to" Club Limousine's efforts, in that such a request is overly broad and unduly burdensome.

Notwithstanding these objections and without waiving them, and without admitting that such policies applied to Plaintiff, since she was an independent contractor, Club Limousine produces its Equal Employment Opportunity Policy and its Anti-Harassment Policy, consisting of documents with Bates Numbers C-0662 and C-0663.

**CARLTON FIELDS, P.A.**
NationsBank Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO.:  01-4026-CIV-GOLD/SIMONTON

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand-delivery this 18th day of March, 2002, to:  Harry O. Boreth, Esquire, Counsel for Plaintiff, Glasser & Boreth, P.A., 8751 West Broward Boulevard, Suite 105, Plantation, Florida  33324.

Respectfully submitted,

*Karin B. Morrell*

Patricia H. Thompson
Florida Bar Number 221783
E-Mail:  pthom@carltonfields.com
Karin B. Morrell
Florida Bar Number 0038636
E-Mail:  kmorr@carltonfields.com
**CARLTON, FIELDS, P.A.**
4000 International Place
100 Southeast Second Street
Miami, Florida 33131
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055

Counsel for Defendants

MIA#2180087.01

16

## PRIVILEGE LOG

Pursuant to Local Rule 16.1 G.3.(b) Defendants hereby advise the Plaintiff that they are withholding the production of the documents created prior to the filing of this lawsuit and described below as being confidential and privileged. The "BS#" references are to the Bate numbers on each document. The following abbreviations are used: WP – work product; AL – prepared in anticipation of litigation; AC – attorney client communication. Defendants have not identified any documents as to which they claim such priviliges, which have been created since the filing of this lawsuit, as such documents would not be discoverable, and need not be disclosed on this log.

1.    (BS# C-0866-C-0870) Memo from Larry Procaccini to Vilma Wiley, dated 12/28/00, re: Plaintiff's EEOC discrimination charge. AL;WP.

2.    (BS# C-0871) Undated summaries of EEOC settlement conference prepared by Rob Hamman and Velma Wiley.  AL; WP; AP.

3.    (BS# C-0872) Memo from Larry Procaccino to Vilma Wiley, dated 12/27/00, re: Plaintiff's EEOC discrimination charge.  AL; WP.

4.    (BS# C-0873) E-mail from Jessica McClintock to Larry Procaccini, dated 11/22/00 re: Plaintiff's EEOC discrimination charge.  AL; WP.

5.    (BS# C-0874) Two tel. call messages for Larry Procacini, dated 1/9/01, from Vilma and Merlynda re Plaintiff's EEOC discrimination charge. AL; WP.

6.    (BS# C-0875 and C-0884) Memo from Larry Procaccini to Rob Hamman, dated December 14, 2000 re Plaintiff's EEOC discrimination charge, and fax. confirmation of transmission of same memo. AL; WP

7.    (BS# C-0876)  Email from Velma Wiley to Rob Hamman, dated April 16, 2001, with attached summary of EEOC settlement conference prepared by Velma Wiley.  AL; WP; AP.

8.    (BS# C-0877-0878) Copy of Plaintiff's EEOC charge with attached copy of Tel. call message from Rob Hammond, dated November 6, 2000. AL; WP; AP.

9.    (BS# C-0879-0880) Email from Larry Procaccini to Guy Thomas and Rob Hammond re: tel. conference with Newsu Mazzarese of EEOC and strategy for responding to Plaintiff's charge, with attached hand written notes of same call by Larry Procaccini. AL; WP; AP.

10.   (BS# C-0881-0883) 3 copies of same fax transmission memo originally from Larry Procaccini to Guy Thomas, dated November 9, 2000, re:

Plaintiff's independent contractor's agreement, with different handwriting on two of the copies, apparently indicating transmission of the memo to Gary Kessler, and back to Larry Procaccini. AL; WP; AP

11.    (BS# C-0885) Email from Larry Procaccini to Gary Kessler, dated December 4, 2000, re: Strategy for responding to Plaintiff's EEOC charge. AL; WP; AP.

12.    (BS# C-0886) Emails from Velma Wiley to Larry Procaccini, dated Jan. 5, 2001 and Jan. 9, 2001, concerning Strategy for responding to Plaintiff's EEOC charge and upcoming meeting at EEOC. AL; WP; AP.

# EXHIBIT A TO RESPONSES OF CAREY LIMOUSINE FLORIDA, INC. AND CLUB LIMOUSINE SERVICES, INC. TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

## MIAMI HOUSE CHAUFFEURS AND WEST PALM BEACH INDEPENDENT OPERATOR CHAUFFEURS BETWEEN OCTOBER 1999 AND JANUARY 2000

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| BROWN | SCOTT | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| SARTORIO | ANTHONY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| LEAVITT | ALAN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| GONZALES | THOMAS | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| CARTUN | RICHARD | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

1

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| VERVERKA | WILLIAM | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| WILLIAMS | FRED | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| VALLEY | JOHN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| FOODY | JAMES | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| CROSSLEY | LOUIS | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| PASTORELLA | JOHN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| WILLIAMS | CURTIS | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| BADIE | ALONZO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| CARABALLO | ELVING | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL  33161 | No | None |
| BERSON | SONNY | MALE | Miami Office 12050 N.E. 14th Avenue | No | None |

2

* Defendants do not consider a change in specific chauffeur position, i.e., from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|-----------|------------|--------|---------------|------------------------------|-------------|
| | | | Miami, FL 33161 | | |
| MYERS | RICHARD | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| BRAYNON | DAVID | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WILLIAMS | IVAN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| SHAPIRO | ROBERT | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| MORENO | FERNANDO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| DAVIS | LAWRENCE | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| PERSON | LESTER | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| ZIMMELMAN | RICHARD | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| COHEN | JOEL | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |

3

MIA#217919Q.01

* Defendants do not consider a change in specific chauffeur position, *i.e.,* from house chauffeur to independent operator chauffeur, to be a promotion.

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| SANTANA | MARIO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WEISSMAN | JACK | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| CARABALLO | RAUL | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| MANLEY | LEO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| PERSON | CARL | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| SMITH | DOUGLAS | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| NOCEDO | LEONARDO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| GUTESCU | OLGA | FEMALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| BOSNIAK | MARTIN | MALE | Miami Office | No | None |

\* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#217919.01

4

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | 12050 N.E. 14th Avenue Miami, FL 33161 | | |
| HOLDER | RICK | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| TORRES | WILLIAM | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WALKER | RODNEY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| FELDER | LEON | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| WOOLFOLK | EARLY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| SANDERS | CAVIN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| DESIR | CAPRIO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| RODRIGUEZ | RAMON | MALE | Miami Office 12050 N.E. 14th Avenue | No | None |

* Defendants do not consider a change in specific chauffeur position, i.e., from house chauffeur to independent operator chauffeur, to be a promotion.

5

MIA#217919.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| QUINTEROS | ARNALDO | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| HANDROS | ROY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| ALVAREZ | VICTOR | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| REJOUIS | ANAN | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| ANNIAS | SCOTT | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| HARRIS | GREGORY | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| LUFTON | ALARIC | MALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |
| MALCOLM | KAREN | FEMALE | Miami Office 12050 N.E. 14th Avenue Miami, FL 33161 | No | None |

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

6

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| LESHAY | JOEL | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| MCINTYRE | ALPHONSO | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| GADDI | THEODORE | MALE | Miami Office<br>12050 N.E. 14th Avenue<br>Miami, FL 33161 | No | None |
| ALFONSO | ALEJANDRO | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| AMATO | JAVIER | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| BOSNIAK | MARTIN | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| BROWN | SCOTT | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL 33406 | Not applicable | None |
| BURBINSKI | MARIO | MALE | West Palm Beach Office | Not applicable | None |

7

MIA#217919.01

* Defendants do not consider a change in specific chauffeur position, i.e., from house chauffeur to independent operator chauffeur, to be a promotion.

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | | |
| CACERES | TONY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| CHUKUMA | CHARLES | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| CLARKE | ERROL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| COOK | GARY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| CORMIER | LEE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| CRITCHETT | JOHN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S | Not applicable | None |

\* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

8

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| | | | West Palm Beach, FL  33406 | | |
| DONAHAY | MARK | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| DONNER | PAUL | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| FEIJOO | LUIS | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| FOODY | JAMES | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| GONZALES | THOMAS | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| HARVARD | ALVIN | MALE | West Palm Beach Office<br>1601 Belvedere Road<br>Suite 105S<br>West Palm Beach, FL  33406 | Not applicable | None |
| HAVENS | BILL | MALE | West Palm Beach Office | Not applicable | None |

MIA#217919O.01

9

* Defendants do not consider a change in specific chauffeur position, i.e., from house chauffeur to independent operator chauffeur, to be a promotion.

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| HEAD | CHARLES | MALE | 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| HERNANDEZ | JUSTINO | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| HODDE | MIKE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| HUMPHREYS | JACK | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| ILLANEZ | KLEBER | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| ISPIR | MIHAIL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S | Not applicable | None |

10

MIA#217919190.01

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| JADUSINGH | ROWLAND | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| JANS | DAVE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| LEAVITT | ALAN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| LESHAY | JOEL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| LYME | BARRY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| MARDENFELD | JAY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| MILLER | MARC | MALE | West Palm Beach Office | Not applicable | None |

11

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| MOSCHETTO | MARTY | MALE | 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| MYERS | RICHARD | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| OLSEN | JOHN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| PAPP | EDUARD | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |
| PEREZ | OSCAR | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL  33406 | Not applicable | None |

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

12

MIA#217919O.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| POWELL | GEORGE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| PUGH | TOM | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| RENGIFO | FRANCISCO | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| ROBINSON | ERROLL | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| SARDONE | MIKE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| SARFARAZ | ANDY | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| SHAPIRO | ROBERT | MALE | West Palm Beach Office 1601 Belvedere Road | Not applicable | None |

13

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

| LAST NAME | FIRST NAME | GENDER | BRANCH OFFICE | TRANSFER TO WEST PALM BEACH | PROMOTIONS* |
|---|---|---|---|---|---|
| SHENDELL | MIKE | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| TERZAGUI | HORACIO | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| URRUTIA | JUAN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| WENDT | RICHARD | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| WILLIAMS | FRED | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |
| ZAPATA | HERNAN | MALE | West Palm Beach Office 1601 Belvedere Road Suite 105S West Palm Beach, FL 33406 | Not applicable | None |

14

* Defendants do not consider a change in specific chauffeur position, *i.e.*, from house chauffeur to independent operator chauffeur, to be a promotion.

MIA#2179190.01

# EXHIBIT "E"

PRIVILEGE LOG

      Pursuant to Local Rule 16.1 G.3.(b) Defendants hereby advise the Plaintiff that they are withholding the production of the documents created prior to the filing of this lawsuit and described below as being confidential and privileged.  The "BS#" references are to the Bate numbers on each document.  The following abbreviations are used: WP – work product; AL – prepared in anticipation of litigation; AC – attorney client communication.  Defendants have not identified any documents as to which they claim such priviliges, which have been created since the filing of this lawsuit, as such documents would not be discoverable, and need not be disclosed on this log.

1.      (BS# C-0866-C-0870) Memo from Larry Procaccini to Vilma Wiley, dated 12/28/00, re: Plaintiff's EEOC discrimination charge. AL;WP.

2.      (BS# C-0871) Undated summaries of EEOC settlement conference prepared by Rob Hamman and Velma Wiley.  AL; WP; AP.

3.      (BS# C-0872) Memo from Larry Procaccino to Vilma Wiley, dated 12/27/00, re: Plaintiff's EEOC discrimination charge.  AL; WP.

4.      (BS# C-0873) E-mail from Jessica McClintock to Larry Procaccini, dated 11/22/00 re: Plaintiff's EEOC discrimination charge.  AL; WP.

5.      (BS# C-0874) Two tel. call messages for Larry Procacini, dated 1/9/01, from Vilma and Merlynda re Plaintiff's EEOC discrimination charge. AL; WP.

6.      (BS# C-0875 and C-0884) Memo from Larry Procaccini to Rob Hamman, dated December 14, 2000 re Plaintiff's EEOC discrimination charge, and fax. confirmation of transmission of same memo. AL; WP

7.      (BS# C-0876)  Email from Velma Wiley to Rob Hamman, dated April 16, 2001, with attached summary of EEOC settlement conference prepared by Velma Wiley.  AL; WP; AP.

8.      (BS# C-0877-0878) Copy of Plaintiff's EEOC charge with attached copy of Tel. call message from Rob Hammond, dated November 6, 2000. AL; WP; AP.

9.      (BS# C-0879-0880) Email from Larry Procaccini to Guy Thomas and Rob Hammond re: tel. conference with Newsu Mazzarese of EEOC and strategy for responding to Plaintiff's charge, with attached hand written notes of same call by Larry Procaccini. AL; WP; AP.

10.      (BS# C-0881-0883) 3 copies of same fax transmission memo originally from Larry Procaccini to Guy Thomas, dated November 9, 2000, re:

Plaintiff's independent contractor's agreement, with different handwriting on two of the copies, apparently indicating transmission of the memo to Gary Kessler, and back to Larry Procaccini. AL; WP; AP

11.    (BS# C-0885) Email from Larry Procaccini to Gary Kessler, dated December 4, 2000, re: Strategy for responding to Plaintiff's EEOC charge. AL; WP; AP.

12.    (BS# C-0886)  Emails from Velma Wiley to Larry Procaccini, dated Jan. 5, 2001 and Jan. 9, 2001, concerning Strategy for responding to Plaintiff's EEOC charge and upcoming meeting at EEOC. AL; WP; AP.

`

# EXHIBIT "F"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 01-4026-CIV-GOLD/SIMONTON

OLGA GUTESCU, and all others similarly
situated,

      Plaintiff,

vs.

CAREY INTERNATIONAL, INC., a Florida
corporation, CAREY LIMOUSINE
FLORIDA, INC., a Delaware corporation
qualified to do business in the State of
Florida, and CLUB LIMOUSINE SERVICE,
INC., a Florida corporation,

      Defendants.

_____/

## AFFIDAVIT OF KARIN B. MORRELL

STATE OF FLORIDA       }
                         } SS.
COUNTY OF MIAMI-DADE   }

BEFORE ME, the undersigned authority duly authorized to administer oaths,

personally appeared Karin B. Morrell ("Affiant"), who being first duly sworn, on oath

deposes and says that:

1.     My name is Karin B. Morrell.  The facts contained in this Affidavit are

based on my personal knowledge.

2.     I am employed as an attorney by Carlton Fields, P.A., counsel of record

for Defendants in the above-captioned action.  I have been involved in the instant

MIA#2189809.02

litigation through the majority of its proceedings, and have had primary responsibility for

coordinating the responses to Plaintiff's discovery requests in this action.

3.      On February 5, 2002, Plaintiff served Defendant with her Third Request

for Production of Documents to Defendants.   Request Nos. 5, 6 and 7 sought the

following information:

> **Request No. 5:**  Any and all documents, memoranda or
> written summaries of any conversation or meetings with any
> past or present employee(s) of Defendants regarding the
> allegations of Plaintiff's complaint.

> **Request No. 6:**  Any and all other documents, excluding
> only documents evidencing communications between
> Defendant and its attorneys, reflecting each communication
> (e.g. letters, memoranda, telephone calls, face-to-face
> conversations, facsimile transmissions, etc.) between,
> among, to or from any agents, servants and/or employees of
> Defendant concerning the allegations of Plaintiff's complaint.

> **Request No. 7:**  Any and all witness statements, whether
> written, typed, taped or otherwise recorded, describing or
> relating to the conduct of which Plaintiff has complained in
> the Complaint filed in this action.

4.      On or about March 18, 2002, I served the written responses and

objections to the Third Request for Production of Documents.   The responses and

objections to Request Nos. 5, 6 and 7 were identical, and stated as follows:

> [Defendants] object[ ] to Plaintiff's [fifth, sixth and seventh]
> request[s] to the extent that [they] seek documents falling
> within the work product doctrine, as such documents are
> privileged.  [Defendants] further object[ ] to Plaintiff's [fifth,
> sixth and seventh] request[s] as irrelevant and overly broad
> to the extent [they] seek information regarding any non-
> substantive allegations of Plaintiff's Complaint and/or
> allegations contained in Plaintiff's Complaint not relating
> specifically to Plaintiff and the instant action.

> Notwithstanding the above objections and without waiving
> them, [Defendants] state[ ] that [they] have no non-privileged

MIA#2189809.02

documents relating to the substantive allegations of Plaintiff's Complaint and/or allegations contained in Plaintiff's Complaint relating specifically to Plaintiff and the instant action and responsive to Plaintiff's [fifth, sixth and seventh requests] in [their] possession, custody, or control.

Contemporaneously with the service of the document request, I served a privilege log pursuant to the requirements of Fed. R. Civ. P. 26(b)(5) and Southern District Rule 26.1G(3)(ii)(A), attached as Exhibit "F" to Defendants' Response to Plaintiff's Motion to Compel.

5.     The "substantive allegation" objection and limitation relates to prior discovery discussions with Plaintiff's counsel, in which Plaintiff's counsel agreed that the appropriate scope of discovery requests was related to the substantive allegations of the Complaint, and those allegations relating to Plaintiff and the instant action. Plaintiff's Motion does not appear to take issue with this aspect of the objection.

6.     With respect to the remaining portions of Defendants responses, Defendants did not have any documents in their possession, custody or control responsive to Request Nos. 5, 6 and 7.  This was stated in the response.   Specifically, there are no documents, written summaries, letters, memoranda, hand-written or typed witness statements, etc. generated by Defendants or their employees, relating to any of the allegations in the Complaint.

7.     Since parties are general not required to produced privilege materials, as set forth in Federal Rules of Civil Procedure 26(b)(1), and because Defendants generally objected to producing any privileged documents or information, we did not believe Plaintiff to be seeking privileged communications with Defendants and their counsel, including myself.  In fact, the very wording of Plaintiff's Request No. 6 stated as

much.   Thus, for purposes of accuracy and in compliance with Rules 26(b)(1) in phrasing the request responses, I stated that "Defendants….have no non-privileged documents…."

8.   Despite the fact that this response was in compliance with the Rules and, as to Request 6, used the Plaintiff's own limitation, Plaintiff's counsel wrote seeking clarification from me as to the "non-privileged" language of the response.   Consistent with paragraph 6 above, I wrote Plaintiff's counsel and explained that Defendants did not have any responsive documents to this request, other than those which were subject to a privilege – such as work product or documents prepared in anticipation of litigation – which have been created since the filing of this lawsuit were not identified, since such documents would not be discoverable by Plaintiff.

9.   In other words, consistent with Rule 26(b)(1) and the restriction noted in Request No. 6, the references to "privileged" documents refer to internal communications between myself, and other Carlton Fields lawyers working on the file, with client representatives, as well as Carlton, Fields work product generated after the inception of this litigation – all of which is privileged.   These communications have been limited to designated corporate representatives, managerial employees, in-house counsel and/or their staff relating to a myriad of issues and specifically to the instant litigation, all of which are privileged.   Such communications would be reflected internally in any number of ways, including internal file memoranda containing my thoughts and mental impressions regarding the litigation.

10.   Moreover, neither I nor anyone working on this case at Carlton Fields have had any discussion with any putative class member, including any chauffeur or

MIA#2189809.02

limousine driver.  Thus, there are no "witness" statements of potential class members. While nothing in the Local Rules precludes such contact, Defendants and this firm, as their counsel, wanted to avoid even the appearance of impropriety, and thus have withheld and will continue to withhold any contact with any putative class members until such time as the Court rules on the Plaintiff's Motion to Permit Opt-In Notice.

11.    Plaintiff's counsel has therefore been made aware of the fact that no documentation responsive to Request Nos. 5, 6 and 7 exist.  As such, it is unclear why there is a Motion directed to these Requests at all.

12.    With respect to Request No. 18, Plaintiff has been advised that, pursuant to the requirements of Rule 26, Defendants have produced all non-confidential documents that they may use to support their defenses in this action and that any confidential documents which comprise part of Defendants' initial disclosures will be produced to the Plaintiff upon entry of a Confidentiality Agreement and Protective Order. As such, there is likewise no issue with respect to Request No. 18.

Dated this 10th day of May , 2002.

_____
(Signature)

KARIN B. MORRELL
(Printed Name)

THE FOREGOING INSTRUMENT was sworn to and subscribed before me this 10th day of May , 2002, by Karin B. Morrell.  She is personally known to me, or has produced /___/ her _____ driver's license, or /___/ her _____ as identification.

_____
(Signature)

_____
(Printed Name)

LENORA E. PRIDDIE
My Comm. Exp. 2/14/2003
No. CC 804043
[ ] Personally Known [ ] Other I.D.

                                        NOTARY PUBLIC, STATE OF
FLORIDA
(SEAL)